# Mayhall *v*. The State.

*Trespass to Realty.*

(Decided May 17, 1906.    41 So. Rep. 290.)

1. *Trespass; Criminal Responsibility; Affidavit; Sufficiency.*—An affidavit in trespass, which alleges that defendant entered on lands of a named person, as trustee, (describing the lands by government subdivisions) and cut down timber growing thereon, with intent to convert it to his own use, sufficiently charges the offense under Sec. 4600, Code 1896, as amended by General Acts 1903, p. 283, and sufficiently described the property trespassed upon.

2. *Same; Evidence; Admissibility.*—Where it was shown that the ownership of the land was in the person named in the affidavit, and that defendant had removed timber which had been cut therefrom, it was competent to show that stumps of trees were seen around where defendant's team was seen standing, and within a few feet of the wagon was a tree cut into three stocks.

[Mayhall v. The State.]

3. *Criminal Law; Appeal; Finding of Trial Court; Conclusiveness.*—The act conferring additional jurisdiction upon the Cullman County Court (Acts 1900-1, p. 1342) does not authorize the Supreme Court to review the finding of the trial court. And where the facts are not agreed on, nor is there a request for or a special finding of the facts, the conclusion of the judge stands as a verdict of a jury, and cannot be reviewed. Sec. 3319, Code 1896.

APPEAL from Cullman County Court.

Heard before Hon. R. I. BURKE.

The affidavit in this case is in the following language: State of Alabama, Cullman county. County court. Before me, R. I. Burke, judge of the county court of said county, personally appeared D. A. Fuller, who, being duly sworn, doth depose and say that he hath probable cause for believing and doth believe that George Mayhall did knowingly enter upon the lands of S. Roman as trustee, described as follows, to-wit: Northwest quarter, southwest quarter, north half, northeast quarter, and northwest quarter southwest quarter, all in section 13, township 9, range 3, west, in Cullman county, Ala., and cut down wood or timber growing thereon, with the intent to remove and appropriate the same to his own use in said county, within the past twelve months, against the peace and dignity of the state of Alabama." The defendant interposed as grounds of demurrer to the affidavit: "(1) It is too indefinite and uncertain, and states no cause of action. (2) Said affidavit does not allege the owner of said land or timber on which the timber was cut. (3) Because D. A. Fuller is not shown to have any interest or authority to prosecute or institute said cause, or that it was done at the instance of the owner of said land. (4) It does not allege on which subdivision of the land therein described the defendant cut timber to carry away. (5) The affidavit describes four 40-acre tracts and alleges the said trespass therein was on said land, but does not allege on which part of tracts thereof the said trespass was made." The demurrers were overruled, and the defendant was convicted and fined $5.

M. F. PARKER, for appellant.—No brief came to the reporter.

MASSEY WILSON, Attorney General, for the State.— The description was sufficient. The legal description of the land was used. It was not necessary to designate the particular part of the land upon which the trespass was committed nor, in fact, was it necessary to do more than allege that the trespass was committed on the lands of S. Roman, as trustee. See *Owens v. State,* 74 Ala. 401; *Watson v. State,* 63 Ala. 19; *Winter v. State,* 117 Ala. 89.; *Holland v. State,* 139 Ala. 120.

The affiant stated that he had probable cause for believing and did believe that the offense had been committed, and this was all that was necessary. His right to make the affidavit arose from his knowledge of the commission of the offense and not from any supposed authority from the owners of the land.

That stumps were seen near where the defendant's wagon was found and that defendant's brother operated a saw mill near that point were circumstances properly shown to be considered by the court. The court declined to exclude the testimony when the motion was made in order to give the state an opportunity to connect it with the defendant. At the conclusion of the state's testimony the statement is made that the state offered in evidence a deed to S. Roman, as trustee, and other evidence tending to show that he was the owner of the land and "tending to show that the defendant removed timber which had been cut therefrom to the saw mill of one Will Mayhall." It thus appears that the testimony was connected with the defendant, and was properly permitted to remain before the court.

This case was tried by the court without a jury. There is nothing in the act of March 1st, 1901, (Acts 1900-01 p. 1343) conferring additional jurisdiction on the Cullman county court which authorizes this court to review the findings of the trial judge. "The facts were not agreed upon nor was there any special finding of them, nor request for such finding. On this state of the case the conclusion of the judge stands as the verdict of the jury and cannot be revised by this court."—*Witherspoon v. State,* 39 So. 356.

[Mayhall v. The State.]

HARALSON, J.—The affidavit for the warrant of arrest was in conformity to § 4600 of the code of 1896, as amended (Acts 1903, p. 283), and described the property trespassed upon with sufficient certainty.—*Withers v. State,* 117 Ala. 89, 23 South. 147; *Holland v. State,* 139 Ala. 120, 35 South. 1009.

The state introduced evidence tending to show the ownership of the land as laid in the affidavit for the warrant of arrest, and tending to show that defendant removed timber which had been cut therefrom, to the sawmill of his brother, Will Mayhall, who paid the defendant for the timber he hauled.

The state offered and introduced evidence against defendant's objection and exception, that stumps of trees were seen around where defendant's wagon and team were seen standing; and, within a few feet of the wagon, there was a tree cut into three stocks. Under all the facts the evidence called for was proper for the consideration of the jury, in determining the guilt or innocence of the defendant.

The case was tried by the court without the intervention of a jury. The defendant expressly waived his right of trial by jury. There is nothing in the act of March 1, 1901, "to confer additional jurisdiction upon the county court of Cullman county, etc." (Acts, 1900-01, p. 1342), to authorize the supreme court to review the findings of the trial court. The facts were not agreed upon, nor was there any special finding of facts made, nor was there any request for such finding. In such case the conclusion of the judge stands as a verdict of a jury, and cannot be reviewed by this court.—*Norille v. State,* 131 Ala. 35, 31 South. 356; *Witherspoon v. State,* 143 Ala. 65, 39 South. 356; code of 1896, § 3319.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.