# Carson *v.* The State.

*Violating Prohibition Law.*

(Decided June 13, 1912.   59 South. 720.)

*Bail; Forfeiture; Appeal and Error.*—Where the only positive evidence that defendant was sick in another state on the day set for his trial, is his own testimony, and it appeared that he left the state shortly before the trial, the judgment of the court making final or absolute forfeiture against the bail will not be disturbed on appeal.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

[Carson v. The State.]

Will Carson was indicted for violating the prohibition laws. From a judgment making absolute a forfeiture of his undertaking of bail, he appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

DE GRAFFENRIED, J.—This appeal was taken to reverse the final judgment rendered by the court below on a forfeited bond.

The appellant was indicted for a violation of the prohibition laws, and made bond with sureties to secure his appearance in the court below until legally discharged from said prosecution. About two weeks before the day which had been fixed for his trial under the indictment, the appellant went to New Orleans, and was not present when his case was called for trial under said indictment. The court thereupon entered up a conditional judgment on said bond for the amount of the bond against the defendant and his sureties on the bond. The appellant, when the question as to whether the conditional judgment should be made final came up for adjudication in the court below, testified that he went to New Orleans to visit a relative, and while there was taken sick, and was, on account of severe sickness at the time set for his trial under the indictment, unable to leave New Orleans, and was, therefore, providentially hindered from being present. The appellant also introduced the certificate of a physician of New Orleans, sworn to before a notary public of that city, stating that four days after the day set for the trial appellant was sick in said city and unable to travel. There was also evidence tending to show that when the appellant returned to Anniston from New Orleans he

was reduced in flesh and appeared to have been sick. The only positive evidence, however, that the appellant was sick in New Orleans on the day set for his trial and prior thereto was the testimony of appellant.

Taking into consideration the fact that the appellant testified that it had been some time since he had previously been away from Anniston—probably a year—and that his visit was timed so dangerously near the day set for his trial as to render it questionable, if serious sickness intervened (the very thing that he claims did occur), whether he would be able to return in time for his trial (the thing that he did not do), and the further fact that the trial court had evidence before it that we are not in possession of—the manner and the appearance of the witnesses while on the stand—we are not disposed to think that the judgment appealed from should be disturbed. This case is similar in all respects to two other cases—*Carson v. State, Infra,* 59 South. 718, 719, decided by us at the present term—and the opinions in those cases are referred to as authorities in support of the above views.

The judgment of the court below is affirmed.

Affirmed.