# Carson v. The State.

## Final Forfeiture of Bail.

(Decided June 13, 1912. 59 South. 718.)

1. *Bail; Forfeiture; Evidence.*—A physician's certificate dated May 4, stating that defendant "is sick and unable to attend court" was properly excluded on a hearing under section 6355, Code 1907, to determine whether a forfeiture of defendant's bail for his non appearance for trial on May 1, should be made absolute.

2. *Same; Finding of Facts.*—On a question as to whether or not forfeiture of bail for non appearance for trial in a criminal case should be made final or set aside, at a hearing under section 6359, Code 1907, the court sits as a jury, and its finding on the facts will not be reviewed.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Will Carson was indicted for violating the prohibition law, and failing to appear for trial, a forfeiture was entered against him and his bail. From an order rendered on a day set for hearing the same, making the forfeiture final and absolute, defendant appeals. Affirmed.

No counsel marked for appellant.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The finding of the court on the facts is the equivalent of the verdict of the jury, and not subject to review on appeal.—*Mayhall v. The State,* 146 Ala. 124; *Boyd v. The State,* 88 Ala. 169.

WALKER, P. J.—On the 1st day of May, 1911, on the failure of the appellant to appear as required by his undertaking of bail in a criminal prosecution pending against him, a conditional judgment was rendered against the obligors in that undertaking, as authorized by the statute (Code, § 6355), and a scire facias to show cause why that judgment should not be made absolute, returnable to the next term, was awarded against said obligors, and was served on the sureties, the return showing that the principal was not found. At the return term the appellant appeared, and undertook to show cause for the default. He offered in evidence a paper, dated New Orleans, May 4, 1911, which purported to have been sworn to before a notary on the same date, and was in the following words: "This is to certify that Mr. Wm. F. Carson is sick and unable to attend court. Respectfully yours, W. H. Gillespie, M. D." The defendant (appellant here) excepted to the refusal of the court to consider this paper. There was no error in this ruling. The statement had no tendency to prove that on the day on which the case against the defendant was set for trial—four days before the date of the statement—he was sick or unable to attend court, or that he was prevented by sickness or other sufficient cause from being present in court on the day the case against him was set for trial.

The only evidence having any tendency to show the existence of an excuse for the appellant's failure to be present in court on the day set for his trial is that furnished by his own testimony. The testimony of his brother to the effect that when the appellant came back to Anniston, some time after the forfeiture was taken, "he looked to be sick and was reduced in weight," had no tendency to prove that he was sick at or before the time set for his trial. The testimony of the appellant

[Carson v. The State.]

was to the effect that he and his wife left Anniston for a visit to New Orleans "the latter part of April, 1911, about two weeks before his case was set for trial, intending to get back by the 1st of May, when my case was set for trial"; that he took sick with a stomach trouble which he had had for 15 years, and was physically unable to leave his bed on the 1st of May, and for several days previous and for more than a week afterwards; that he came back after court adjourned, and was sick at that time, having lost fully 20 pounds in weight; that he was in Anniston at his place of business practically every day for a year prior to going to New Orleans; that his only reason for going away was that he and his wife wanted to make a visit at that time."

The statute (Code, § 6359) provides that "if the defendants appear and show sufficient cause for the default, to be determined by the court, the conditional judgment may be set aside; but if the excuse is not sufficient, or if they fail to appear, the judgment must be made absolute," etc. Under this statute the question of the credibility and sufficiency of the evidence offered to show an excuse for the defendant's failure to appear in court as required by his undertaking of bail is one for the trial court.—*State v. Posey,* 79 Ala. 45; *Hammons v. State,* 59 Ala. 164, 31 Am. Rep. 13. At any rate, the matter was, without objection, submitted to the trial court for its determination. Certainly it cannot be said as a matter of law that such evidence as that above summarized requires the conclusion that the defendant showed a sufficient excuse for his failure to appear. The matter we are asked to revise is not a conclusion of law from undisputed facts, but a finding of fact from evidence from which could be drawn inferences unfavorable to the truth of the appellant's uncorroborated statement to the effect that his absence from court at the

[Carson v. The State.]

time he was required to be present was due solely to his physical inability to attend. This being true, the decision of the court upon the facts is, in legal effect, the equivalent of the verdict of a jury, and is not subject to review on this appeal.—*Mayhall v. State,* 146 Ala. 124, 41 South. 290; *Bradford v. State,* 147 Ala. 118, 41 South. 1024; *Boyd v. State,* 88 Ala. 169, 7 South. 268, 16 Am. St. Rep. 31.

Affirmed.