(76 South. 917)

ASHURST v. UNION BANK & TRUST CO.
(5 Div. 650.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. EXECUTORS AND ADMINISTRATORS ⊕⇒35(1), 37(1)—REMOVAL AND APPOINTMENT OF SUCCESSOR—PROPRIETY OF ACTION.

The propriety of orders removing an administratrix and appointing her successor depends upon the facts existing and presented to the chancellor when the orders were made, and not upon the facts or conditions which existed and were presented to the chancellor on a subsequent application to set aside and annul such orders as improvidently made.

2. EXECUTORS AND ADMINISTRATORS ⊕⇒37(4)—APPOINTMENT OF ADMINISTRATOR DE BONIS NON—PROCEEDINGS AND REVIEW.

That an administrator was appointed after the removal of the original administratrix on the petition of the attorneys of a party, and not on the petition of one authorized to make or file the petition, would not render the appointment void or necessarily make it so improvident as to authorize a reversal of an order refusing to annul the appointment.

3. EXECUTORS AND ADMINISTRATORS ⊕⇒35(11)—REMOVAL—PERSONS ENTITLED TO APPLY.

A personal representative may be removed on the application of any one interested or who himself is entitled to administer, or by the court ex mero motu or at the suggestion of an amicus curiæ.

4. EXECUTORS AND ADMINISTRATORS ⊕⇒37(5)—APPOINTMENT OF ADMINISTRATORS DE BONIS NON—OPERATION AND EFFECT.

The appointment of an administrator de bonis non is of itself prima facie evidence that there was a vacancy in the administration, and this will be conclusively presumed until clearly and explicitly disproved.

5. EXECUTORS AND ADMINISTRATORS ⊕⇒37(5)—APPOINTMENT OF ADMINISTRATORS DE BONIS NON—OPERATION AND EFFECT.

Under Gen. Acts 1911, p. 574, conferring very general powers on chancery courts in the administration of estates, it will not be presumed on collateral attack that the court appointing an administrator de bonis non did not have the proper jurisdiction, but everything necessary to give validity to the appointment which the record does not contradict will be presumed.

Appeal from Circuit Court, Tallapoosa County; W. W. Whiteside, Judge.

Proceeding between Gillie D. Ashurst, as administratrix, etc., and the Union Bank & Trust Company, as administrator, etc. From an order refusing to set aside a prior order revoking letters of administration granted to Ashurst and appointing the Trust Company as her successor, Ashurst appeals. Affirmed.

H. P. Merritt, of Tuskegee, and Bridges & Oliver and James W. Srother, all of Dadeville, for appellant. Stuart Mackenzie and Wm. F. Thetford, Jr., both of Montgomery, for appellee.

MAYFIELD, J. This is a case of long standing in the courts of the state; the present appeal being the third to this court. See reports of former appeals, 175 Ala. 667, 57 South. 442; 181 Ala. 401, 61 South. 942.

The main contention on this appeal of Gillie D. Ashurst, as administratrix, etc., appellant, is that the chancellor erred in not setting aside a former order of the court which revoked letters of administration theretofore granted to appellant, and appointed appellee, Union Bank & Trust Company, as her successor, and then proceeding to a final settlement of the administration of the estate by the appellant. The resultant of all of appellant's contentions is very desirable; and we have searched the record carefully to see if we could on this appeal accomplish this desideratum without disregarding well-settled rules of practice and procedure in such cases. But we have been unable to award the relief desired by appellant, on the case made by this record.

Appellant was removed as the legal representative of the estate by an order of the chancery court on the 5th day of October, 1916. The court was moved to this action by petition of one of the sureties on the bond of appellant as administratrix, who sought to be relieved of further liability as such surety under authority of section 2547 of the Code of 1907.

The proceedings in the chancery court to relieve the surety and to require a new bond of appellant, culminating in her removal as administratrix for failure to file within the time required by law a new bond, properly conditioned, and the appointment of appellee as her successor, and an order for a settlement by appellant with appellee, appear on the record to have been regular; and proper notice thereof appears to have been given appellant.

[1] The condition of the record is such that we are unable to say that either the order removing appellant or the order appointing appellee as her successor was void, or was so improvidently made as to authorize us to reverse the chancellor in denying appellant's subsequent petition to have the order appointing her successor revoked,* and the appointment annulled, because improvidently made in the first instance. It cannot be successfully contended that the orders of removal, and appointment, one or both, were absolutely void, nor that they were so improvidently made as to justify us in reversing the chancellor in his refusal to so modify or annul his former order of removal of appellant, or that appointing appellee as her successor. The propriety of the orders, of course, depends upon the facts as they were and as presented to the chancellor when the orders were made, and not upon the facts or conditions which existed and as they were presented to the chancellor on the subsequent application to have the orders set aside and annulled because improvidently made.

[2] It is insisted by appellant that the petition for the appointment of appellee as appellant's successor was not made or signed by one authorized to make or file the petition, but in fact was made by the attorneys only of a proper party. Even if the facts be

⊕⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

conceded, they would not render the appointment void, or necessarily make the appointment so improvident as to authorize us to reverse the chancellor for failing to annul the appointment on the hearing of appellant's petition to that end.

[3] A personal representative may be removed on the application of any one interested or who himself is entitled to administer, or by the court ex mero motu, or at the suggestion of an amicus curiæ. Koger v. Franklin, 79 Ala. 505; Curtis v. Williams, 33 Ala. 570; Broughton v. Bradley, 34 Ala. 694, 73 Am. Dec. 474.

[4, 5] The fact that the court appointed an administrator de bonis non is of itself prima facie evidence that there was a vacancy in the administration, and it will be conclusively presumed until it is clearly and explicitly disproved. It will not be presumed on collateral attack that the court appointing did not have the proper jurisdiction; it is a court of general jurisdiction for such purpose. The court will presume everything necessary to give validity to the appointment which the record does not contradict. Smith v. Alexander, 148 Ala. 554, 42 South. 29.

We know of no statute or decision changing these rules. On the other hand, very general powers have been conferred on chancery courts in such matters. By the act of April 21, 1911, it is, among other things, provided:

"That in the administration of estates in the chancery court, or court of like jurisdiction, in this state such court, in the exercise of such jurisdiction, may, in its discretion, proceed according to its own rules and practice, without regard to any of the statutory requirements provided for administration of estates in the probate court; provided, that nothing herein shall be so construed as to deprive such chancery court, or court of like jurisdiction, of any power or authority now conferred on it by law.

"That the chancery court, or court of like jurisdiction, in this state shall be considered always open for the purpose of hearing petitions, applications, motions and reports, and making any and all necessary or proper orders or decrees in the administration of estates in said court."

Gen. Acts, 1911, p. 574.

"Where the probate court exercises the power to appoint an administrator of an estate, it is to be presumed that it previously ascertained the existence of the jurisdictional fact, without which the power could not be legally exercised; and its validity is not permitted to be collaterally assailed, or questioned otherwise than in a direct proceeding. Burke v. Mutch, 66 Ala. 568; Ikelheimer v. Chapman, 32 Ala. 676; Barclift v. Treece, 76 Ala. 528; Gray v. Cruise, 36 Ala. 559; Wolffe v. Eberlein, 74 Ala. 99 [49 Am. Rep. 809].

"The objection sought to be enforced against the validity of the appointment in the case under consideration goes to the averments of the petition made the basis of the order; the theory evidently being that it requires the filing of a petition in which the facts must be averred, and this is what gives the court jurisdiction of the subject matter. In Davis v. Swearingen, 56 Ala. 31, this court said: 'Petition for administration, although certainly a desirable practice, is not a necessary prerequisite to the validity of an appointment. Whenever administration is

granted, this is prima facie evidence of all precedent facts to give the court jurisdiction. * * * We presume the existence of everything necessary to give validity to the appointment, which the record does not contradict.'"

Breeding v. Breeding, 128 Ala. 412, 417, 418, 30 South. 881, 882.

The foregoing case involved the revocation of letters of special administration.

While it is true that this is not a "gray horse case" with those cited, yet the general principles announced in connection with the statute cited render it controlling in this case, and prevent a reversal of the chancellor, however desirable such action may be to expedite the final settlement of the estate, and the termination of this litigation.

This record does not present for our determination questions as to the amount of fees, and as to the liens, of attorneys, as for services in the administration of this estate. It is likewise unnecessary for us to discuss further any of the questions argued on this appeal. It is sufficient to say that we have considered all, and are unable to find any reversible error.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.