(106 So. 691)

## McKNIGHT v. PATE. (6 Div. 474.)

(Supreme Court of Alabama. Nov. 5, 1925. Rehearing Denied Jan. 21, 1926.)

**1. Guardian and ward ⬤161—Motion for writ to review determination of probate court in guardian's final accounting held properly overruled.**

Where statement of facts in motion for writ of certiorari to bring up transcript of testimony in probate court on final settlement of guardianship account disclosed that no bill of exceptions had been reserved or certified, and that time within which such bill may be signed was then long past, motion was properly overruled by circuit court, in absence of contrary evidence.

**2. Guardian and ward ⬤161—Where bill of exceptions did not show error in determination of guardian's account, circuit court properly overruled motion for jury trial.**

Under Code 1923, §§ 6114, 6115, 6122, on guardian's appeal from judgment of probate court on final settlement of guardianship, circuit court sits as court of review, and cause must be tried on record, and, in absence of bill of exceptions, no question of fact can be reviewed, and motion for jury trial was properly overruled, where bill of exceptions did not show error in determination of account.

**3. Guardian and ward ⬤161—On appeal from judgment or decree of probate court on guardian's final accounting evidence may be reviewed by circuit court by bill of exceptions only.**

Though appeal from judgment or decree of probate court on final settlement of guardian's account is determined by circuit court from examination of whole record, evidence is reviewable only by bill of exceptions approved and authenticated as in other cases.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Appeal by James McKnight from a decree on final settlement of his account as guardian of Torre Pate, a minor. Transferred from Court of Appeals under Acts 1911, p. 450, § 6 (Code 1923, § 7326). Affirmed.

Pinkney Scott, of Bessemer, for appellant.

Appellant's motion for a certiorari to send up bill of exceptions from the probate court should have been granted. Smith v. Smith, 30 Ala. 645; McGowan v. Milner, 195 Ala. 46, 70 So. 175; Johnson v. Riddle, 204 Ala. 408, 85 So. 701; Truett v. Woodham, 98 Ala. 606, 13 So. 519.

Goodwyn & Ross, of Bessemer, for appellee.

An appeal to the circuit court in a case of this kind is tried on the record, the circuit judge sitting as a court of review. Code 1923, §§ 6114, 6115, 6122; Williams v. Gunter, 28 Ala. 681; Truett v. Woodham, 98 Ala. 604, 13 So. 519; Bradley v. Andress, 30 Ala.

80; Ex parte Sumlin, 204 Ala. 376, 85 So. 810. Appellant was not entitled to a jury trial in the circuit court. Ex parte Sumlin, supra.

SAYRE, J. [1] This is an appeal, via the circuit court, from a judgment of the probate court against appellant on the final settlement of his guardianship of the estate of appellee, then recently become of age. This appeal affirms error of the proceedings in the circuit court. There is a bill of exceptions showing the proceedings in the circuit court; but in that court there was no bill to show what had occurred in the probate court. Appellant moved the court for a writ of certiorari to bring up "a full and complete transcript of all the testimony taken and heard [in the probate court] in this case along with all exceptions reserved by this appellant in said trial." This can mean only that this appellant desired a transcript of a bill of exceptions reserved in and certified by the probate court, but the statement of facts incorporated in appellant's motion disclosed that no bill of exceptions had been reserved or certified in the probate court, and that the time within which such bill may be signed was then long past, nor was there any evidence to the contrary. There was, therefore, no error in overruling appellant's motion for the writ of certiorari.

[2] Appellant also moved in the circuit court that the cause be transferred to the jury docket, and that a jury be called for its trial. This motion was correctly overruled. On appeal from the probate to the circuit court in causes of this character the latter sits as a court of review, and the cause must be tried upon the record sent up from the probate court. If there be no bill of exceptions, no question of fact can be reviewed. Code §§ 6114, 6115, 6122; Ex parte Sumlin, 204 Ala. 376, 85 So. 810.

The record here contains a bill of exceptions reserved in the circuit court, but this bill contains nothing going to show that there was error in the determination of the guardian's account on final settlement. The judgment of the probate court was properly affirmed in the circuit, and is due to be affirmed again in this court.

[3] Appellant appears to have been misled to the notion that the transcript of appeal from the probate to the circuit court is prepared in all respects as is the transcript of appeal in a cause in equity. Such is not the case. The opinion in McGowan v. Milner, 195 Ala. 44, 70 So. 175, to which appellant refers, recognizes the fact that on appeal from the probate to the circuit court in causes of this character the evidence must be got before the appellate court by a bill of exceptions approved and authenticated by the judge as in other cases at law. It is true, however, that

in reviewing the judgment or decree in such case the circuit court proceeds, as does the appellate court in equity causes, to examine the judgment or decree to determine its correctness upon the whole without affirming or reversing, as error may or may not appear in segregate rulings on evidence or separate exceptions to the allowance or rejection of contested items in the account under review. This method was followed by the circuit court in this cause, nor does it appear that there was error in the conclusion reached.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.