194 So. 661

**CLARK et al. v. WHORTON et al.**

8 Div. 27.

Supreme Court of Alabama.

March 14, 1940.

H. T. Foster and Milo Moody, both of Scottsboro, for appellants.

Proctor & Snodgrass, of Scottsboro, for appellees.

BROWN, Justice.

R. T. Hargiss died intestate in Jackson County, this State, on July 6, 1939, leaving an estate therein, no wife or lineal descendants surviving. His next of kin and distributees of his estate, are nephews, nieces, and the descendants of such.

Appellants before the expiration of forty days from the death of Hargiss, on their sworn petition alleging that "your Petitioners, being nephew and friend of said deceased," were by the Probate Court appointed joint administrators of said estate and took possession of the assets consisting of personalty and choses in action.

Thereafter, and before the expiration of the forty days from Hargiss' death, the appellee, Addie Whorton, filed her petition in said Probate Court to revoke the letters of administration issued to appellants, and to grant letters to her as next of kin, and appellee Caldwell.

The administration of the estate was then, on the petition of one of the appellants, removed from the Probate Court of Jackson County to the Circuit Court, in equity, for further administration.

The petition of appellee was then set down for hearing, and was heard by the court, in part on testimony taken ore tenus in open court, and on depositions taken before the register.

The petition for revocation of the letters issued to appellants alleged, in short, that neither of the appellants was next of kin to said Hargiss; that appellant Clark married a niece of Hargiss, but that said niece died before the death of Hargiss. That the petitioner, appellee Whorton is a grandniece of said Hargiss and a fit person to be appointed as administratrix, along with Caldwell, a cousin of the deceased, whose appointment is requested by the non-resident next of kin.

There was ample testimony which, if believed, sustains the averments of the petition and justified the order of the court revoking the letters of administra-

tion issued to the appellants. The terms "nephew" and "niece" in their primary sense, and within the meaning of the statute, conferring on "next of kin entitled to share in the distribution of the estate," second in preference to the right of appointment, includes only relationship by consanguinity. Code 1923, § 5742; 45 C. J. 1383; State v. Tucker, 174 Ind. 715, 93 N.E. 3, 31 L.R.A., N.S., 772, Ann.Cas. 1913A, 100; Capps v. State of Florida, 87 Fla. 388, 100 So. 172; Meglemry et al. v. Meglemry, 222 Ala. 229, 131 So. 906.

The court's power was properly invoked by a party interested, and it appears that the letters granted to appellants were improvidently granted and were revoked without error. Ashurst v. Union Bank & Trust Co., 200 Ala. 559, 76 So. 917; Brown v. Brown, 204 Ala. 157, 85 So. 439.

The right of the husband to take the statutory estate at the death of the wife in the nature of curtesy, under § 7376 of the Code 1923, is limited to the estate of the wife at her death, and does not extend to the wife's right of inheritance, which passes, at her death, to her lineal descendants if she have such.

The decree of the circuit court is free from error.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.