199 So. 804

**JOHNSON et al. v. BARNETT et al.**

**6 Div. 681.**

Supreme Court of Alabama.

Jan. 16, 1941.

414

Dan Trawick, Jr., of Birmingham, for appellants.

Erle Pettus, of Birmingham, for appellees.

LIVINGSTON, Justice.

Jim Smith, a resident of Jefferson County, Alabama, died March 19, 1940. On March 21, 1940, an alleged will of Jim Smith was propounded for probate in the Probate Court of Jefferson County by appellants, Ed Johnson and Roosevelt Harrison, who were named as executors in the will to serve as such without bond.

The petition for probate alleged that one Robert Smith was the son and sole heir at law of the decedent, Jim Smith. Robert Smith signed a waiver of notice of the application to probate the will and consented that the same be probated at once. Thereupon the will was duly admitted to probate without notice or service on anyone else. Letters testamentary were granted to Ed Johnson and Roosevelt Harrison. Thereafter, on March 23, 1940, Lizzie Barnett, a sister of the decedent, and a beneficiary under the will, together with other beneficiaries, filed motions in the cause to require the executors to make bond. On March 25, 1940, Lizzie Barnett filed a petition in the cause alleging that the said Robert Smith was not a legitimate son of Jim Smith, deceased, and was not his heir at law or distributee. The petition further alleged that petitioner, Lizzie Barnett, was the only surviving sister of Jim Smith; that decedent left surviving him no father or mother, and no children or their descendants, and that decedent has never been married: that there were other next of kin, nephews and nieces of Jim Smith, namely, Sham Woods, Boise Woods, Ida Smith and Zealer Cottrell.

The petition prayed that the probate court set aside and vacate the probate of the will, and for the appointment of an administrator ad colligendum, and for an order revoking letters testamentary theretofore granted to Ed Johnson and Roosevelt Harrison, and further to require a settlement to be made by said executors. Ida

Smith, Sham Woods and Boise Woods later joined in this petition, or filed other petitions seeking the same results.

The basis for these petitions is found in section 10622, Code of 1923, which reads as follows: "Notice of application to prove will.—Whenever an application is made to prove a will in this state, at least ten days' notice must be given to the widow and next of kin, or either of them, residing and being within the state, before such application is heard."

The issues raised by these petitions were tried ore tenus in the Probate Court of Jefferson County on April 16, 1940, and resulted in the following decree:

"This being the day regularly appointed for hearing the petitions of Lizzie Barnett and Ida Smith and the petition of Boise Woods and Sham Woods, as intervenors, which were heretofore filed in this court praying for an order setting aside and vacating the former decree of this court of March 21st, 1940, admitting the last will and testament of Jim Smith, deceased, to probate and record; and now the court coming on to hear the petition for intervention heretofore filed in this court by Boise Woods and Sham Woods, is of the opinion the prayer of said petition should be granted, it is therefore ordered and decreed by the court that the petition for intervention filed by Boise Woods and Sham Woods be and the same is hereby allowed; And now on this day comes Scott Jemison, by Paul G. Parsons, his attorney, and files his petition to join in or intervene in said petitions heretofore filed; and the court after hearing said petition for intervention is of the opinion same should be granted, it is therefore ordered and decreed by the court that said petition be granted and Scott Jemison be and he is hereby allowed to intervene in said petitions heretofore filed to set aside and vacate the order admitting the last will and testament of Jim Smith to probate and record.

"And now the court after hearing the petitions, separately and severally, the argument of counsel and the testimony presented in support of each petition, is of the opinion said petitions should be granted, it is therefore, Ordered, adjudged and decreed by the court that the prayer be granted as to the petitions of Lizzie Barnett and Ida Smith, and also Scott Jemison, Boise Woods and Sham Woods, as intervenors, and the order heretofore made and entered on the 21st day of March, 1940, admitting the will of Jim Smith, deceased, to probate, is hereby set aside, vacated and annulled and the said executors are removed and their letters revoked, to which action of the court the executors duly and legally except, separately and severally.

From the above decree, this appeal was perfected.

If Robert Smith was either the legitimate or the legitimated son of Jim Smith, deceased, the waiver of notice signed by him was sufficient upon which to predicate the probation of the will, otherwise the notice contemplated by section 10622 of the Code of 1923 was not given to the next of kin, and the decree of the lower court is without error.

■ The finding of the probate court based on the examination of witnesses ore tenus is presumed to be correct, and will not be disturbed by this Court unless palpably erroneous. Section 9600, Code of 1923; Loyd v. Oates, 143 Ala. 231, 38 So. 1022, 111 Am.St.Rep. 39; Mayhall v. State, 146 Ala. 124, 41 So. 290; Western Union Tel. Co. v. White, 129 Ala. 188, 30 So. 279; Grant v. Henderson-Pierce Motor Co., 21 Ala.App. 285, 107 So. 724; Bryant v. Lane, 17 Ala.App. 28, 81 So. 364.

■ The finding of the lower court was to the effect that, if Robert Smith is the son of Jim Smith, deceased, he was not born in lawful wedlock, and is therefore an illegitimate. The record presents no reason for disturbing this finding.

But it is insisted by appellants that under and by virtue of section 9300 of the Code of 1923, Jim Smith, deceased, made Robert Smith his legitimate son. Section 9300, supra, reads as follows: "Proceedings to legitimate bastard children; effect of.—The father of a bastard child may legitimate it, and render it capable of inheriting his estate, by making a declaration in writing, attested by two witnesses, setting forth the name of the child proposed to be legitimated, its sex, supposed age, and the name of the mother, and that he thereby recognizes it as his child, and capable of inheriting his estate, real and personal, as if born in wedlock; the declaration being acknowledged by the maker before the judge of probate of the county of his residence, or its execution proved by the attesting witnesses, filed in the office of the judge of probate, and recorded on the minutes of his court, has the effect to legitimate such child."

416

Appellants insist that the will here in question served as 'a compliance with the above quoted Code section: That, among other things, said will (or written declaration) contained the following: "Six. I give and bequeath unto my son, Robert Smith, houses No. 1206 Moro Park and 323 53rd Street Fairfield." That this constituted and was a recognition by Jim Smith, the deceased testator, of Robert Smith as his son; that it designated his sex, set forth his name, and was a declaration in writing attested by two witnesses as provided for in said section 9300; and further met the requirements of the section by proof of its execution by the attesting witnesses, and the filing of same in the office of the judge of probate, and recording thereof on the minutes of that court.

 This argument, while ingenious, fails to satisfy the requirements of the above quoted Code provisions. The statute contemplates a deliberate act on the part of the father, done for the purpose of legitimizing a bastard child. The will, the written instrument, relied on in the instant case to satisfy the statute, was executed for an entirely different purpose. Mere recognition, made privately or publicly, by the reputed father of a bastard child as his own, is not sufficient to legitimize it in this State. The testator, the reputed father, could well have intended to recognize Robert Smith as his son, and to make provision for him in his will without the intent to legitimize. Without such intent, the intent to legitimize, that result cannot be accomplished.

 The will, the written declaration relied on to legitimize Robert Smith, lacks some of the requirements of the statute, Section 9300, Code of 1923. The name of the mother is not stated; there is no statement that he thereby recognizes Robert as his child, and capable of inheriting his estate, real and personal, as if born in wedlock. One asserting that a bastard child has been legitimized by its father has the burden of proving it. The proof relied on in this cause does not meet that burden.

It follows that section 10622, Code of 1923, was not complied with, and no proper notice was given on which to predicate the probation of the will.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.