4 So.2d 4

**MORING v. LISENBY.**

3 Div. 327.

Supreme Court of Alabama.
June 26, 1941.

Rehearing Denied Oct. 16, 1941.

C. L. Hybart, of Monroeville, for appellant.

Leon G. Brooks, of Brewton, for appellee.

LIVINGSTON, Justice.

The appellant on petition in writing filed August 9, 1939, addressed to the Probate Judge of Escambia County, Alabama, procured his appointment as the administrator of the estate of Billy Gray Moring, deceased.

The petition set forth that the property left by the said Billy Gray Moring, who was alleged to have died intestate in Escambia County on February 13, 1938, consisted of a claim for the negligent death of the said Billy Gray Moring, the exact amount of which was to be thereafter ascertained. Letters of administration were granted to appellant on August 26, 1939.

Thereafter, on October 28, 1939, Dr. J. O. Lisenby filed a petition in the Probate Court of Escambia County to revoke the letters of administration granted to appellant. The petition alleged that appellant, as administrator of the estate of Billy Gray Moring, deceased, had instituted suit in the Circuit Court of said county against petitioner for negligently causing the death of Billy Gray Moring, deceased. The petition further alleges "that the body described in said petition for letters of administration as a person named Billy Gray Moring did not at any time have life or legal existence as a person, for that said body was born dead."

Petitioner appeared as one having an interest in the estate of Billy Gray Moring, deceased, by reason of the matters set forth in his petition, and as amicus curiae, and prayed that the letters of administration granted to appellant be revoked on the ground of fraud or misrepresentation in the procurement thereof, or on the ground that letters of administration were illegally or improvidently granted to administer the estate of a person who never lived or had a legal existence.

The issue thus raised was whether or not Billy Gray Moring, a premature infant delivered by a caesarian operation, had ever in fact lived. In other words, was the infant dead or alive when delivered?

We pretermit the question of the petitioner's interest in the alleged estate of the infant because it is not necessary to a decision.

A personal representative may be removed on the application of anyone interested, or who himself is entitled to administer, or by the court ex mero motu, or at the suggestion of an amicus curiae. Koger v. Franklin, 79 Ala. 505; Curtis v. Williams, 33 Ala. 570; Broughton v. Bradley, 34 Ala. 694, 73 Am.Dec. 474; Ashurst v. Union Bank & Trust Co., 200 Ala. 559, 76 So. 917.

If in fact Billy Gray Moring was dead when delivered, the probate court acted without jurisdiction and the administration was void. Duncan & Hooper v. Stewart, 25 Ala. 408, 60 Am.Dec. 527. And where the granting of letters of administration by the probate court is void, that court has the inherent power to revoke them, Pruett v. Pruett, 131 Ala. 578, 32 So. 638, and this it may and should do ex mero motu, or on the suggestion of an amicus curiae. Authorities, supra.

In the instant case, after notice to appellant and hearing on documentary evidence and testimony given ore tenus, the probate court entered a decree revoking and annulling the letters of administration issued to appellant.

The evidence, while in conflict, supports the conclusion of facts stated in the decree of the probate court that Billy Gray Moring was dead when delivered, and had never in fact lived, and there was no such estate subject to administration. The finding of the probate court based on the examination of witnesses ore tenus, or largely so, is presumed to be correct, and will not be disturbed by this Court unless palpably erroneous. Section 9600, Code of 1923, Code 1940, Tit. 13, § 309; Johnson et al. v. Barnett et al., 240 Ala. 413, 199 So. 804, and cases there cited; Provident Life & Accident Ins. Co. v. Heidelberg, 228 Ala. 685, 154 So. 811.

Therefore, the petition filed by the appellant was inefficacious to invoke the jurisdiction of the probate court and to grant letters of administration on the estate of said infant. Milbra v. Sloss-Sheffield Steel & Iron Co., 182 Ala. 622, 62 So. 176, 46 L.R.A.,N.S., 274; W. A. Denson, Adm'r v. Annie Crossley, Adm'r'x, ante, p. 445, 2 So.2d 916.

There is no reversible error in the record, and the judgment of the probate court is due to be affirmed, and it is so ordered by this Court.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.