24 So.2d 265

**KELLY v. KELLY.**
**6 Div. 104.**
Supreme Court of Alabama.
Dec. 27, 1945.

J. L. Drennen, of Birmingham, for appellant.

Horace C. Wilkinson and Joe G. Burnett, both of Birmingham, for appellee.

LIVINGSTON, Justice.

Lawrence Kelly, a resident citizen of Jefferson County, Alabama, was killed in an automobile wreck in the State of Georgia. The appellant filed her petition in the Probate Court of Jefferson County, Alabama, alleging that she was the wife of Lawrence Kelly, deceased, and praying that she be appointed administratrix of his estate. E. E. Kelly entered a contest of the petition of appellant on the ground that Lawrence Kelly was unmarried at the time of his death. E. E. Kelly also filed his petition in the Probate Court of Jefferson County, alleging that he was the brother of Lawrence Kelly, deceased, and asking that he be appointed administrator of the estate of his deceased brother.

■ Appellant rests her claim of right to administer the estate of Lawrence Kelly, deceased, on the ground that she was his common law wife. The existence of a common law marriage between appellant and Lawrence Kelly is the sole issue here presented, and we deem it unnecessary to cite authority to the effect that a common law marriage is recognized in this jurisdiction.

Appellant's petition for letters of administration was heard in the Probate Court on testimony taken ore tenus before the court, and resulted in a decree granting letters to appellant on a finding by the court that she was the common law wife of Lawrence Kelly, deceased. From this decree, E. E. Kelly, under and by virtue of the provisions of Title 7, Section 776, Code 1940, appealed to the Circuit Court of Jefferson County, Alabama.

■ The hearing in the circuit court was on a bill of exceptions taken in the probate court, and it is upon the same bill of exceptions that the cause is submitted to this court. McKnight v. Pate, 214 Ala. 163, 106 So. 691; Murphy v. Freeman, 220 Ala. 634, 127 So. 199, 70 A.L.R. 381.

The circuit court reversed the judgment of the probate court, and in effect, held that appellant was never married to Lawrence Kelly, deceased, and was, therefore, not entitled to letters of administration on his estate.

The sole question here is therefore the same as it was in the probate and the circuit court and on the same evidence. It is whether appellant is the widow of Lawrence Kelly, deceased.

■ On appeal from the probate court to the circuit court in causes of this character the latter sits as a court of review. McKnight v. Pate, supra. But the finding of the probate court based on the examination of witnesses ore tenus is presumed to be correct, and will not be disturbed by this court, unless palpably erroneous. Johnson v. Barnett, 240 Ala. 413, 199 So. 804; Moring v. Lisenby, 241 Ala. 626, 4 So. 2d 4. And this is so although the case is reviewed by the circuit court as above indicated and the circuit court reaches different conclusions on questions of fact from those reached by the probate court.

Unquestionably, the tendencies of the evidence before us are conflicting. We think that it would serve no good purpose to here set out the testimony nor to enter into a discussion of the tendencies of it.

■ All the evidence has been carefully considered in conference. Allowing all due presumptions in favor of the findings of the probate court we have a clear conviction that the judgment of the probate court is wrong and unjust. Our duty is to set it aside. National Life & Accident Ins. Co. v. Spigener, 225 Ala. 655, 144 So. 813.

■ In reaching this conclusion we are not unmindful of the rules by which this court is governed in determining questions of this character. But as said in the case of Southern R. Co. v. Grady, 192 Ala. 515, 68 So. 346, 347: "* * * 'this court has not renounced its duty nor neglected its

power to revise the verdicts of juries and the conclusions of trial judges on questions of fact, where, in our opinion, after making all proper allowances and indulging all reasonable intendments in favor of the court below, we reach a clear conclusion that the finding and judgment are wrong.' Twinn Tree Lbr. Co. v. Day, 181 Ala. 565, 61 So. 914."

The judgment of the circuit court setting aside the judgment of the probate court is due to be and is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.