145 So.2d 828

**John Henry WILLIAMS, Jr.**

v.

**Nathan M. THORNTON.**

8 Div. 87.

Supreme Court of Alabama.

Oct. 18, 1962.

Marvin A. Wilson, Florence, for appellant.

W. A. Barnett and Frank B. Potts, Florence, for appellee.

SIMPSON, Justice.

Appellee, Nathan M. Thornton, filed a petition in the Probate Court of Lauderdale County, Alabama, to probate the will of John Henry Williams, Sr., deceased. Appellant, John Henry Williams, Jr., son of the testator, contested the petition to probate alleging lack of testamentary capacity and undue influence.

The case was tried ore tenus in the Probate Court which denied the probate of the instrument. The ultimate decree of that court denying probate was on the sole ground that the decedent was induced to sign the will by means of undue influence. From this decree the proponent appealed to the Circuit Court of Lauderdale County. That court rendered a decree reversing and annulling the decree of the Probate Court. This appeal followed.

Appellee has filed a motion to strike pages 118 to 274 of the transcript of the evidence, objections, oral motions and rulings of the probate court for that it is not a bill of exceptions under §§ 783 and 821, Title 7, Code of 1940. In view, however, of our conclusion that the decree of the Circuit Court should be affirmed, it is unnecessary to burden the opinion with treatment of this motion. The appellant must be taxed with the costs anyway.

A proper bill of exceptions was before the Circuit Court and is before us, so we turn now to the merits.

■■ The appellate jurisdiction of the Circuit Court on appeal from the Probate Court is provided for by Title 7, § 776, Code of Alabama of 1940 (recompiled 1958). The Circuit Court's jurisdiction in such cases is purely revisory, as is ours. It can only affirm or reverse the decree rendered in the Probate Court. Franklin v. Bogue, 245 Ala. 379, 17 So.2d 405. The finding of the Probate Court based on the examination of witnesses ore tenus is presumed to be correct, and will not be disturbed by this court or the Circuit Court unless palpably erroneous. Johnson v. Barnett, 240 Ala. 413, 199 So. 804; Moring v. Lisenby, 241 Ala. 626, 4 So.2d 4. And this is so although the case is reviewed by the Circuit Court and it reaches a different conclusion on questions of fact from those reached by the Probate Court.

■ The pivotal question is whether there was exerted on the testator undue influence which was tantamount to moral coercion and which constrained him to do that which was against his will but which from fear, desire for peace, or some other feeling than affection, testator was unable to resist.

The proponent of the will and the sole legatee therein is the stepson of decedent. The will was drawn and signed almost three years before testator's death. The evidence shows that testator was an old man between 75 and 80 years of age. He could neither

read nor write. He was in ill health and required much nursing care because of certain physical obliquities. At the conclusion of a stay in the hospital when it appeared he was to be taken to a nursing home, he objected violently. The appellee and his wife offered to and did take him to their home where he lived and was looked after for some three and one-half years until he died.

There is a great deal of evidence to the effect that on several occasions Mr. Williams remarked that he was going to leave all he had to those who looked after him in his last days. There is further evidence that decedent asked to be taken to town to make out a will. The will was later signed by testator and witnessed in his presence by two witnesses. These witnesses testified that decedent told them it was the will he had been trying to get fixed up. Later the testator told a notary public that he had signed the paper. The notary signed it and affixed his seal.

There was further evidence that testator's son, who lived in Indiana, and his daughter, who lived in Colorado, had fallen into disfavor with their father.

The evidence is much too lengthy to summarize here. It has been carefully reviewed and we are impelled to the conclusion, after making all proper allowances and indulging all presumptions in favor of the Probate Court's finding, that the same is contrary to the preponderance of the evidence. Our conclusion is that the record fails to show that the contestant has proved that undue influence was exerted on the testator. Such was his burden under the law. King v. Aird, 251 Ala. 613, 38 So.2d 883.

The judgment of the Circuit Court reversing and setting aside the judgment of the Probate Court is due to be affirmed. So ordered.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.