266 So.2d 787

STATE of Alabama

v.

ROSS GRADY INSURANCE AGENCY, INC.

1 Div. 72, 72–A.

Court of Civil Appeals of Alabama.

Sept. 13, 1972.

Howell, Johnston, Langford & Finkbohner, Mobile, for appellee.

William J. Baxley, Atty. Gen., Willard W. Livingston, Asst. Atty. Gen., and Counsel, Dept. of Revenue for appellant.

BRADLEY, Judge.

The State of Alabama has appealed to this court the above styled cases wherein the Circuit Court of Mobile County had ordered the State to refund to appellee taxes paid for the tax years 1967 and 1968. These cases have been consolidated for this appeal.

Appellee filed petitions in the Probate Court of Mobile County on February 23, 1970 asking for refunds of domestic corporation share taxes for the years 1967 and 1968 in the amounts of $1,358.10 and $1,524.83, respectively. The Probate Court, after a hearing, denied the petitions. Appellee appealed to the Circuit Court of Mobile County and was by that court deemed entitled to a refund on the ground that the share taxes imposed for the years 1967 and 1968 were void. From that decision the State has appealed to this court.

The hearing before the Probate Court was on the petitions and testimony taken in open court. On appeal to the Circuit Court the case was reviewed on the pleadings and bills of exceptions made up from the Probate Court hearing. The record on appeal is composed of the proceedings in the Probate Court and Circuit Court.

The pertinent part of the record shows that appellee, according to a witness for the State Revenue Department, filed its 1967 share tax return on December 28, 1966. A provisional assessment notice was mailed to appellee on April 3, 1967, in which April 19, 1967 was fixed for hearing said assessment; appellee did not protest the assessment and it was made final on April 19, 1967. There was no appeal from said final assessment.

The appellee filed its 1968 share tax return on December 13, 1967; on May 29, 1968 a provisional assessment notice was sent to appellee fixing June 13, 1968 as the date for the protest hearing. No protest having been made by appellee, the assessment was made final on July 3, 1968. There was no appeal from the final assessment.

On December 19, 1968 appellee filed its 1969 share tax return and on April 1, 1969 was notified of a provisional assessment and fixed April 15, 1969 as the date for the protest hearing. Prior to this date Mr. Marion Wilkins, a CPA who was employed by appellee, requested that the hearing date be extended in order that he might ask the State Revenue Department if appellee met the requirements for a financial institution. Appellee was informed that it did qualify

as a financial institution. Appellee indicated that it wished to pay the excise tax for financial institutions and was dropped from the current, i. e., 1969, share tax roll.

A copy of a letter from the witness, Moore, a State Revenue agent, to Arnold Debrow, Mobile County Tax Assessor, reads as follows:

" June 16, 1969

"Mr. Arnold D. Debrow
Tax Assessor
Mobile County Courthouse
Mobile, Alabama

" Re: Ross Grady Insurance Agency

"Dear Mr. Debrow:

"The above named corporation has been accepted by the State Department of Revenue as meeting the requirements for Financial Institutions for the 1969 tax year, therefore, it is not subject to the Domestic Corporation Share Tax and should be dropped from the current Share Tax Roll.

" Yours truly,

" /s/ RALPH P. MOORE

" Ralph P. Moore, Agent
State Department of Revenue
P. O. Box 172
Mobile, Alabama 36601"

The bill of exceptions shows the testimony of Marion Wilkins, appellee's witness, to be, in pertinent part, as follows:

" . . . He testified that the Petitioner Ross Grady Ins. Agency Inc. had been accepted by the State Department of Revenue of the State of Alabama as a corporation meeting the requirements for financial institutions for the 1967 tax year, and that the Petitioner corporation was thus not subject to domestic corporation share tax for the tax year of 1967.

"He further testified that the assessment against Petitioner Corporation was void and that the sum of $1,385.10 was paid by Petitioner to Ralph W. Havard, Tax Collector, Mobile County, Alabama, on the 30th day of December, 1967, through mis-

take and by error, and that said taxes were not due upon the property of Petitioner taxpayer by virtue of said Petitioner taxpayer having been declared by the State Department of Revenue as being a financial institution during said tax year and by virtue of said taxpayer Petitioner having paid to the State Department of Revenue of the State of Alabama the required taxes as a financial institution and that thus Petitioner had paid double taxation to the State of Alabama on December 30, 1967, through error and mistake."

To like effect is Mr. Wilkins' testimony concerning the 1968 tax year.

Appellant contends that the facts show that appellee, at the time the share tax assessments became final in 1967 and 1968, had not qualified as a financial institution with the State Revenue Department and did not pay financial excise tax to the Department in those years; and, since appellee paid share taxes for the years 1967 and 1968, and did not appeal from said final assessments, appellee is now precluded from seeking a refund for said share taxes for it is settled that the failure to appeal from a final assessment of a tax precludes a collateral attack. Appellant says that appellee cannot now pursue a different remedy from the one previously available to him.

Appellee replies that the evidence clearly shows that appellee had qualified as a financial institution with the Revenue Department and had paid the excise tax on such institutions for said years; hence the assessment of appellee for share taxes for the years 1967 and 1968 was void on the basis that appellee was exempt from paying share taxes for those years.

Title 51, Section 25, Code of Alabama 1940, as Recompiled 1958 and as amended, provides, in pertinent part as follows:

"Every share of any domestic corporation, except financial institutions which comply with the provisions of this title as to excise taxes herein levied on such financial institutions (financial institutions within the meaning of this section

and as expressly exempted from the provisions hereof are hereby defined as follows: Any corporation or any legal entity whatever doing business in this state as a bank, banking association, trust company, industrial or other loan company, building and loan association, and any other corporation or institution employing money capital coming into competition with the business of national banks), shall be assessed and the taxes thereon collected in the county wherein such corporation has its home or chief office in the state, . . . . The president or managing officer of every such corporation shall make out and return under oath to the tax assessor and to the department of revenue a list showing the total number of shares of capital stock of such corporation and the par value thereof, . . . . There shall be attached to the copy of the return made to the department of revenue a true balance sheet as shown by the books, showing the condition of such corporation at the close of its fiscal period next preceding October first of the year for which the assessment is to be made. . . . Whenever the department of revenue shall have passed on the valuation and assessment of the shares of any domestic corporation as herein provided, it shall give notice in writing by registered mail, return receipt demanded, to the president or managing officer or person signing the tax return of the corporation, . . . giving notice of the valuation and assessment, stating that on a day specified, it will determine any complaint against said valuation, which notice must be served at least ten days before the day specified for a final determination of the assessment. Upon hearing the complaint of protest against any valuation or assessment of the shares of the domestic corporation or if there has been no complaint or objection filed on or before the date specified in the notice for the determination of such matter, the department of revenue shall proceed to determine and fix the value of such shares and complete the assessment

thereof. . . . When the assessment of all the shares herein provided shall mave been made final the department of revenue shall deliver the said final assessment to the tax assessor and shall send a copy to the president or managing officer of the corporation whose shares have been assessed."

Section 26 of said Title 51 provides for appeal to the Circuit Court from said final assessment.

Article 6 of Chapter 14 of Title 51, Code of Alabama 1940, as Recompiled 1958, sets out a statutory refund procedure for taxpayers who have paid a tax through mistake, double assessment, or error, on property where no taxes were due. Such refund request must be made within two years of the date of payment.

The application for refund shall be presented to the probate judge who, if he finds a refund due, shall order the State comptroller to refund the amount due from the State, likewise he shall order the county to refund the amount due from the county.

The refund application was presented to the Mobile County Probate Judge who, after hearing testimony from a witness for each side, found that appellee filed its petition for refund on February 23, 1970; that a final assessment was made on May 3, 1967 and July 3, 1968, respectively; and that the excise tax returns for the years 1967, 1968 and 1969 were all filed on October 7, 1969. The probate judge denied the petition for refund.

On appeal the Circuit Court, after reviewing the record made before the Probate Court came to the conclusion that the appellee here had paid double taxation through mistake or error and was due a refund. The said court reversed the Probate Court judgment and entered one that it thought the Probate Court should have entered. An appeal to this court resulted from said Circuit Court judgment.

■ Prior to a determination of the primary issue of whether the share taxes

paid by appellee were void, we must first decide which lower court's findings are controlling here.

In Kelly v. Kelly, 247 Ala. 316, 24 So.2d 265, the Supreme Court said:

"The hearing in the circuit court was on a bill of exceptions taken in the probate court, and it is upon the same bill of exceptions that the cause is submitted to this court. [Citations omitted.]

"The circuit court reversed the judgment of the probate court, and in effect, held that appellant was never married to Lawrence Kelly, deceased, . . . .

"The sole question here is therefore the same as it was in the probate and the circuit court and on the same evidence. . . .

"On appeal from the probate court to the circuit court in causes of this character the latter sits as a court of review. McKnight v. Pate, supra [, 214 Ala. 163, 106 So. 691]. But the finding of the probate court based on the examination of the witnesses ore tenus is presumed to be correct, and will not be disturbed by this court, unless palpably erroneous. Johnson v. Barnett, 240 Ala. 413, 199 So. 804; Moring v. Lisenby, 241 Ala. 626, 4 So.2d 4. And this is so although the case is reviewed by the circuit court as above indicated and the circuit court reaches different conclusions on questions of fact from those reached by the probate court."

It thus appears that the findings of the Probate Court are controlling here and will not be disturbed unless we find they are palpably erroneous.

In examining the evidence that was taken before the Probate Court and reviewed by the Circuit Court, we are of the opinion that the findings of the Probate Court are more in keeping with the facts as set out in the bill of exception than are the findings of the Circuit Court.

The facts are undisputed that appellee voluntarily paid the share taxes for the

years 1967 and 1968 without protest or appeal.

The facts are in conflict as to when the excise taxes were paid. The witness for appellant stated that appellee, through its witness Marion Wilkins, a CPA, did not attempt to qualify as a financial institution until April 1, 1969, and on June 16, 1969 was told that it qualified as a financial institution and would be dropped from the share tax rolls. The Mobile County Tax Assessor was advised by letter on June 16, 1969 that appellee qualified as a financial institution for the tax year 1969. There was no other evidence in the record of the appellee qualifying as a financial institution in any previous year.

The Probate Court found as a fact that the excise returns were not filed by appellee until October 7, 1969.

Appellee's witness' testimony, as revealed by the bill of exceptions, tends to show that appellee had been accepted by the Revenue Department as a financial institution for the tax years 1967 and 1968 and thus was not subject to the share tax. He stated that this amounted to double taxation.

It is clear that the evidence as to when the excise taxes were paid and when appellee qualified as a financial institution is in dispute.

In assessing all of the evidence and its tendencies presented to the Probate Court we cannot say that it is plainly and palpably in error in its denial of the refund.

The appellee does not question the fact that it paid the share taxes in 1967 and 1968, but contends that it also paid excise taxes during those years. However, the only letter in the record from the Revenue Department pertaining to excise taxes was the one dated June 16, 1969 wherein the Department stated that appellee had qualified as a financial institution for that year. Appellant's witness stated that this letter was in response to Mr. Wilkins' telephone call just prior to the date for hearing any protest on the share tax assessment and

further requesting an extension of time on this hearing so that he might ascertain if appellee qualified as a financial institution. Furthermore, the probate judge found that the excise taxes for the years in question were not paid until October 7, 1969.

The tendencies of this evidence lead to the conclusion that appellee paid the share taxes in the years 1967 and 1968 without protest or appeal; then, in 1969, upon being told, after inquiry, that it qualified as a financial institution and would not be liable for share tax, appellee was assessed for excise tax for the years 1967 and 1968 and paid the same in the year 1969.

We now come to the primary issue in the case and that is whether or not appellee was entitled to a refund of the share taxes paid for the years 1967 and 1968 because of the invalidity of the assessment thereof.

The general rule, as asserted by appellant, is that a final assessment imposed by the State Department of Revenue is as final and conclusive as if it were a judgment of a circuit court and cannot be collaterally attacked. Sparks v. Brock & Blevins, Inc., 274 Ala. 147, 145 So.2d 844. An exception, however, has been made to this rule by the Supreme Court in Graves v. McDonough, 264 Ala. 407, 88 So.2d 371 and Title 51, Sections 328–330, Code of Alabama 1940, as Recompiled 1958, and as amended, where an ad valorem tax which was voluntarily paid is deemed to be void. Such a tax is void where it is exacted without legal authority or upon tax exempt property. Appellant claims that the tax assessed was not void because it was imposed with legal authority and on non-exempt property under Title 51, Section 25 and Chapter 18, i. e., Sections 425–431½, Code of Alabama 1940, as Recompiled 1958, and as amended.

Section 25, supra, provides for an ad valorem share tax on "any domestic corporation, except financial institutions *which comply with the provisions of this title* as to excise taxes herein levied on

such financial institutions." (Emphasis added.) It will be noted that the above exception is specifically limited to financial institutions *which comply* with the provisions relating to excise taxes on financial institutions. See Sections 425–431½ of Title 51, supra. Section 431 provides in part:

". . . the shares of all financial institutions, . . . shall be exempted from assessment and payment of ad valorem taxes, except . . . shares of any business hereby taxed which fails to make and file the returns required by this chapter and to pay the tax levied by this chapter as and when in this chapter provided."

The above cited section of the Code excepts from the financial institution exemption any business which fails to make and file the returns required by Chapter 18 and which fails to pay the excise tax levied by Chapter 18 as and when said Chapter provides. Consequently the financial institution exception to the ad valorem share tax as found in Section 25, supra, does not provide for an exemption to that tax merely by virtue of the business' status as a financial institution, but the business must comply with the regulatory provisions of Chapter 18 as to returns and payment of taxes in order to claim the exemption.

■ The principle that a taxpayer must properly claim an exemption in order for his property to be tax exempt has been held to apply to other tax statutes in this state.

In Jones v. Johnson, 240 Ala. 357, 199 So. 539, the Supreme Court held that the homestead exemption from ad valorem property taxes must be claimed annually within the time prescribed by statute or the taxpayer waives his right to it. The statute involved in that case is Title 51, Section 15, Code of Alabama 1940, as Recompiled 1958, which peremptorily declares the homestead to be tax exempt without qualifying terms, i. e., "which comply with the provisions of this title," as are found in Title 51, Sections 25 and 431, supra. Also in State v. Alabama Educational Foundation, 231 Ala. 11, 163 So. 527, the Supreme Court held that the right of a taxpayer to an exemption from ad valorem property taxes for income producing property where the income therefrom is used exclusively for specified school purposes must be claimed in each year or it is forfeited for the year in which it is not claimed. The statute in question in that case contained no administrative provisions at all. However the court said that although a statute created a classification of property for exemption from taxation if its net income had been used exclusively for certain purposes, under other acts of the legislature the property was taxable. This led the court to the conclusion that if an exemption is not claimed, it is forfeited and the property is taxable.

Even though the instant case is somewhat different in that the general tax and the exception are contained in the same statute and a different tax is applied under the exception, we think that the general principle enunciated there would apply here. Especially do we think this to be true since Section 431 exempts from the exception those businesses which do not comply with the provisions for returns and payment in Chapter 18 and where Section 25 specifically excepts only those financial institutions which comply with the provisions of Chapter 18 relating to excise tax. Thus, we conclude that appellee failed to comply with the provisions of Chapter 18; hence it was subject to the levy of share taxes under Section 25 and the share taxes thus paid would not be void as being assessed without legal authority or upon tax exempt property as were the taxes in Graves v. McDonough, supra. Nor were these taxes "not due upon the property of such taxpayers" as mentioned in Title 51, Section 328, supra. They were due if at the time of the ad valorem assessment the taxpayer had not complied with the regulatory provisions in Chapter 18.

It is an established principle that one claiming an exemption has the burden of proving that he comes within the exemption. Bowman v. State Tax Commission, 235 Ala. 190, 178 So. 216; State v. Bankhead Min. Co., 279 Ala. 566, 188 So.2d 527; and Brundidge Milling Co. v. State, 45 Ala.App. 208, 228 So.2d 475.

In the instant case we consider that burden to rest on appellee. It must prove that it mets the definition of a financial institution under Sections 25 and 425, and that it has complied with the provisions of Chapter 18. Neither appellant nor appellee questions the fact that appellee meets the definition of a financial institution. But the question is whether appellee has carried the burden of proof that it has "complied with the provisions of Title 51 as to excise taxes therein levied on such financial institutions."

Title 51, Section 426, Code of Alabama 1940, as Recompiled 1958, requires that a financial institution make and file a return as a financial institution within the first ten days of April in each year. Section 427 of Title 51 requires that such institutions *annually* pay to the State an excise tax. These are the provisions appellee must prove it has obeyed.

We conclude that appellee has not met the burden cast upon it because the record does not support the contention that it made and filed returns as a financial institution in the years 1967 and 1968 or that appellee paid the excise taxes on financial institutions in the years 1967 and 1968. The inference to be gained from the record is that the excise taxes were not paid until the year 1969 and that the returns were not made and filed until 1969.

Since appellee did not meet the burden of proof, there is no exemption available to it; and since there is no exemption, the share taxes assessed against appellee are not void and it is not entitled to a refund.

The judgment of the Circuit Court is reversed and one is entered here affirming the order and judgment of the Probate Court.

Reversed and rendered.

WRIGHT, P. J., and HOLMES, J., concur.