This is a tax case. From a ruling by the Circuit Court of Mobile County vacating a final assessment of taxes against the taxpayer, the State appeals.
In May of 1975, pursuant to Tit. 51, § 25, Code of Alabama 1940, recompiled 1958, the *Page 1161 
State of Alabama issued an assessment notice to the taxpayer. No response from this notice was made by the taxpayer. In June of 1975, a final assessment was entered against the taxpayer. The taxpayer did not appeal from this assessment within 30 days as permitted by Tit. 51, § 140, Code of Alabama, recompiled 1958.
However, in late December of 1975, the taxpayer filed suit in the Circuit Court of Mobile County to have the assessment set aside. This suit ultimately evolved as a Rule 60 (b), ARCP, motion. In January of 1977, the trial court granted the motion and set aside the final assessment.
The sole issue on appeal is whether a taxpayer who fails to perfect an appeal from a final tax assessment, pursuant to Tit. 51, § 140, may thereafter have the assessment set aside by a Rule 60 (b) motion.
The State in brief argues that Tit. 51, § 140, is the exclusive method by which a taxpayer may contest a tax assessment. In this instance, the taxpayer did not follow this procedure; therefore, the trial court was without jurisdiction. Put another way, the State contends that Rule 60 (b), ARCP, is not available to contest a tax assessment made by the State when that assessment is final and has not been appealed to the circuit court.
The taxpayer argues that the appellate courts of Alabama have held that a final assessment of taxes is as conclusive as a judgment of the circuit court and is as an ordinary court judgment. Sparks v. Brock Blevins, Inc., 274 Ala. 147,145 So.2d 844 (1962); State v. Ross Grady Insurance Agency, Inc.,48 Ala. App. 578, 266 So.2d 787 (1972). The taxpayer therefore concludes that the assessment may be altered as any other judgment, e.g., by a Rule 60 (b) motion.
The State is correct in its contention.
The Rules of Civil Procedure apply to proceedings in courts. Hence, the rules applied to the proceeding once it had been instituted in the Circuit Court of Mobile County. However, the rules do not provide the mechanism by which a party may invoke the jurisdiction of the court.
The jurisdiction of the Circuit Court of Mobile County over disputes arising from assessments of taxes by the State is governed by statute. Tit. 51, § 140, Code of Alabama. Section 150 of the Alabama Constitution limits the rule making power of the supreme court to rules which do not affect the jurisdiction of the circuit court. The rules are only procedural and are not to be interpreted as modifying substantive law. Hence, an interpretation of Rule 60 (b) which would be at odds with the statutory scheme of judicial review of the orders of administrative agencies would alter jurisdiction of the circuit court and would constitute judicial alteration of substantive law. The comments to the rules (Committee Comments to Rules 14, 17 (b), 20, 59, 82 (a), ARCP), case authority (Hewlett v. JohnBlue Employees Federal Credit Union, Ala.Civ.App.,344 So.2d 505 (1976), cert. denied, Ala., 344 So.2d 509 (1977);Mississippi Pub. Corporation v. Murphree, 326 U.S. 438,66 S.Ct. 242, 90 L.Ed. 185 (1946); Brennan v. Silvergate Dist.Lodge No. 50, Intern. Ass'n of Machinists Aerospace Workers,AFL-CIO, 503 F.2d 800 (9th Cir. 1974), and authoritative commentators (C. Lyons, Jr., 1 Alabama Practice Rules of CivilProcedure Annotated 18 (1973); 2 Moore's Federal Practice ¶ 1.04 [4]) convince us that such a result would be legally impermissible.
Therefore, the circuit court erred in setting aside the final assessment of taxes pursuant to Rule 60 (b), ARCP.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
PAUL, Retired C.J., and BRADLEY, J., concur. *Page 1162