Taxpayer appeals from an order by the Mobile County Circuit Court dismissing his appeal to that court of a final assessment for sales taxes. We affirm.
The Alabama Department of Revenue made an assessment against Taxpayer for sales taxes due of $1,600, plus $400 penalty and $60 interest. Taxpayer protested. The protest was denied. Final assessment was made on January 28, 1977, in the amount of $2,068. Pursuant to Tit. 51, § 140 of the Code of Alabama (1940) (Recomp. 1958) and Tit. 51, § 786 (17)(a), Code of Alabama (1940) (Recomp. 1958) (Supp. 1973), Taxpayer filed a timely notice of appeal with the Register of the Circuit Court. He mailed a notice of appeal to the Secretary of the Alabama Department of Revenue on February 28, 1977. It was received on March 3, 1977.
The State moved to dismiss on the ground that notice of appeal was not filed with the Department of Revenue within thirty days of the final assessment as required by § 140. The motion was granted and the appeal dismissed with prejudice.
Tit. 51, § 786 (17)(a) of the Code of Alabama (1940) (Recomp. 1958) (Supp. 1973) provides that a taxpayer dissatisfied with the final assessment of sales tax may appeal in all respects in the same manner provided by Tit. 51, § 140. Section 140 provides
 "If any taxpayer against whom an assessment is made by the department of revenue *Page 601 
. . . is dissatisfied with the final assessment as fixed by the said department of revenue . . . he may appeal from said final assessment . . to the circuit court of the county in which the taxpayer resides . . . by filing notice of appeal with the secretary of the department of revenue and with the register of the circuit court of the county to which the appeal shall be taken within thirty days from the date of said final assessment made and entered on the minutes of the department as is required by law. . . ."
Taxpayer contends that he has never received notice that the final assessment was "entered on the minutes of the department," and this failure of notice prevented the running of the thirty-day period. Although § 786 (16) requires the Department in all cases to "notify the taxpayer of the assessment as finally fixed," the commencement of the thirty-day period in § 140 is merely hinged on the fact of the making of the assessment and its being entered upon the minutes of the department. It is not disputed that Taxpayer received a copy of the final assessment.
Taxpayer contends that the State's motion to dismiss should not have been granted since it does not specifically appear in the complaint or in the Final Assessment Notice, nor was it alleged in the motion to dismiss that the final assessment was ever "entered on the minutes of the department." By the terms of the statute, if the assessment has not been entered in the minutes, the time has not yet run for invoking the jurisdiction of the circuit court on appeal. However, we do not consider that the "entering on the minutes" provision requires a formal entry in a book of minutes comparable to that of corporate meetings. There is no indication that the Department has ever kept such "minutes." "Minutes" may be viewed as simply "the written memoranda of the assessment of the . . . tax." Howell Graves, Inc. v. Curry, 242 Ala. 122, 5 So.2d 105 (1941). The final assessment and the official notice thereof received by Taxpayer are permanent records of the department and are "minutes" sufficient for the statute. See City of Talladega v.Jackson-Tinney Lumber Co., 209 Ala. 106, 95 So.2d 455 (1923).
Taxpayer argues that his notice of appeal was timely filed because of ARCP 6 (a) and 6 (e).[1] He contends that since February 27 fell on a Sunday, and he received his Notice of Final Assessment by mail, these rules operated to permit filing with the Department as late as March 3, when the notice of appeal was in fact received by them. Not so. Compliance with the procedures of § 140 is a jurisdictional requirement. "The jurisdiction of a court must be invoked in the manner and within the time required by statute. . . . The right of appeal from a final assessment of the revenue department of the state is purely statutory and must be exercised in the manner and within the time prescribed therein." State v. Empire Bldg. Co.,46 Ala. App. 565, 567, 246 So.2d 454, 456 (1971). To apply the Alabama Rules of Civil Procedure so as to find an external exception to the jurisdictional time requirements of § 140 would constitute an impermissible extension of jurisdiction and modification of substantive rights. State v. Ladner Co.,346 So.2d 1160 (Ala.Civ.App. 1977).
 "The Rules of Civil Procedure apply to proceedings in courts. Hence, the rules applied to the proceeding once it had been instituted in the Circuit Court of Mobile County. However, the rules do not provide the mechanism by which a party may invoke the jurisdiction of the court." Id. at 1161.
Even if the Rules did apply to the jurisdictional mechanism of § 140, Rule 6 (e) could not be used to make timely Taxpayer's appeal. This rule grants the additional *Page 602 
three days where an act must be done within a prescribed periodafter service of a notice or other paper on him. Taxpayer objects that such interpretation would violate procedural due process, since the period might run on a taxpayer before he receives notice of the final assessment. Taxpayer in this case is not in a position to complain since he received notice by mail in ample time for him to take his appeal.
Taxpayer also contends that § 140 is ambiguous in that the phrase "within thirty days from the date of final assessment" might pertain only to filing with the register of the circuit court or it might pertain to filing with both the register and the Department of Revenue. The statute is not ambiguous; to give it the former meaning would require a taxpayer to file with the Department as a jurisdictional prerequisite to his appeal, but provide no time period within which he must do so, an unnatural and illogical result. Further, case law unequivocally states that filing with the Department must be accomplished within thirty days. Dowda v. State, 274 Ala. 124,145 So.2d 830 (1962); State v. Empire Bldg. Co., supra.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] Rule 6 (a) provides that, in computing periods of time, where the last day of the period is a Saturday, Sunday or legal holiday, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. Rule 6 (e) provides that where a party is required to do some act within a prescribed period after the service of a notice or other paper on him and the notice is served on him by mail, three days are added to the prescribed period.