The State of Alabama made a final assessment for motor fuel taxes against Rutledge Petroleum Corporation (Rutledge). Rutledge sought relief from the assessment in the Circuit Court of Montgomery County. The State filed a motion to dismiss all defendants except the State of Alabama. The circuit court granted the State's motion. Rutledge appeals.
Rutledge is a wholesale distributor of motor fuel products in Alabama. Pursuant to Alabama law, Rutledge is required to pay certain taxes based on the quantity of motor fuel sold. Motor fuel sold for highway use is taxed at a higher rate than motor fuel sold for off-road use. § 40-17-2, Code 1975.
Prior to the final assessment an auditor reviewed Rutledge's records and determined that certain customers who had been sold fuel and taxed at the "off-road level" were in fact "highway" users and should have been taxed at the higher level. Consequently, Rutledge was assessed $28,202.40, the difference in the two levels of taxation.
Rutledge paid the tax due on the final assessment and timely filed a "Notice of Appeal and Bill for Declaratory Judgment." Rutledge named the State of Alabama and seven customers as defendants. Rutledge asserts that he sold the seven customers motor fuel at the reduced level of taxation based upon representations made by them that they were off-road users. Rutledge sought the following relief:
 "The State of Alabama has made an excessive and improper assessment of the tax liability of Rutledge Petroleum in its Final Assessment of Motor fuel Tax . . . and said assessment is due to be reversed by this Court. In the alternative, Rutledge Petroleum avers that if it is liable to the State of Alabama for such taxes, that the Defendants are liable to Rutledge Petroleum for the amount of such taxes attributable to their purchases of motor fuels from Rutledge Petroleum."
The State filed a motion to dismiss, seeking to have all defendants, except the State, dismissed due to the lack of jurisdiction of the trial court over the subject matter and persons of the other defendants. The trial court dismissed the added defendants without prejudice.
The narrow issue with which we are concerned is whether Rutledge may include in one action an appeal of a final tax assessment and a bill for declaratory judgment against third parties. Rutledge asserts that the two actions are separate and distinct actions arising out of the same transaction and occurrences. He asserts that Rule 1 and Rule 20, Alabama Rules of Civil Procedure, allow for the inclusion of the declaratory judgment action against the third parties. *Page 62 
The right of appeal and the method used to perfect an appeal in a tax proceeding are purely statutory and matters of legislative discretion. The right to appeal a tax proceeding involves no inherent right of the taxpayer. Valentine v. State,403 So.2d 270 (Ala.Civ.App. 1981). Section 40-2-22, Code 1975, provides that once payment of the tax is made or a supersedeas bond is posted the taxpayer may appeal to the Circuit Court of Montgomery County. Section 40-2-22 is the exclusive method of attack on a final assessment for taxes. Moore v. StateDepartment of Revenue, 447 So.2d 744 (Ala.Civ.App. 1983). The proper parties to an appeal pursuant to section 40-2-22 are the State of Alabama and the taxpayer. Muncaster v. State,426 So.2d 857 (Ala.Civ.App. 1983). A final assessment made by the Department of Revenue is presumed to be correct. Where the taxpayer appeals, the burden is his to show that the final assessment is incorrect. State v. Woodham, 276 Ala. 662,166 So.2d 391 (1964). The trial court's review is strictly limited to a determination of the legality of the final assessment.Moore v. State Department of Revenue, supra.
In reviewing the basic premises of the statute, the issue becomes even narrower. Does section 40-2-22 deprive the circuit court of jurisdiction to issue a declaratory judgment defining the rights and liabilities of third parties and the taxpayer?
In support of his assertion that the trial court does have jurisdiction to simultaneously entertain an appeal of a tax proceeding and a bill for declaratory judgment involving third parties, Rutledge relies on the case of State v. Norman TobaccoCompany, 273 Ala. 420, 142 So.2d 873 (1962). Rutledge states that Norman Tobacco Company "clearly established the circuit court's jurisdiction over defendants other than the state when there was an independent cause of action against them and they were not sought to be made mere parties to the appeal." We recognize that Norman Tobacco Company is an express exception to the general rule. However, that exception can be utilized only to invoke the jurisdiction of the trial court when the complaining party couples the illegality of the tax with a "recognized ground of equitable jurisdiction." Advertiser Co.v. Wallace, 446 F. Supp. 677, 680 (M.D.Ala. 1978). Here, Rutledge's bill for declaratory judgment does not contain a "recognized" equitable claim sufficient to invoke the equitable jurisdiction of the trial court. Rutledge does not seek equitable relief in his bill for declaratory judgment. We view Rutledge's pleading to be one for legal relief — an independent cause of action in contract or in tort against his customers. The Norman Tobacco Co. exception is not applicable in this instance.
Rutledge's alternate argument is that Rule 1 and Rule 20, A.R.Civ.P., allow for the joinder of his two causes of action because the tax assessment and the claims against his customers arose out of the same transactions and occurrences.
Once an action has been instituted in the trial court, the Rules of Civil Procedure apply to the proceedings in that court. The rules, however, do not provide the mechanism by which a party may originally invoke the jurisdiction of the court. The rules are procedural and should not be interpreted so as to alter substantive law. State v. Ladner Co.,346 So.2d 1160 (Ala.Civ.App. 1977). The right to challenge a final tax assessment is strictly statutory. The jurisdiction of the court must be invoked in the manner prescribed by statute.Mitchell v. State, 351 So.2d 599 (Ala.Civ.App. 1977). Statutorily, the circuit court is limited in final assessment actions to determining the legality of the assessment. The statutorily defined proper parties to the proceeding are the State and the taxpayer. To apply Rule 1 and Rule 20, A.R.Civ.P., to the facts of this appeal "would constitute an impermissible extension of jurisdiction and modification of substantive rights." Mitchell v. State, 351 So.2d at 601. To allow such an interpretation would in essence destroy the statutory scheme of judicial review of final assessment actions promulgated by section 40-2-22.
We find that the Norman Tobacco Co. exception is not applicable in this instance. We further find that Rule 1 and Rule 20, *Page 63 
A.R.Civ.P., may not be utilized to extend the statutory jurisdiction of the trial court. The trial court's dismissal of all individuals other than the State is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.