Redman Homes, Inc., appeals a judgment dismissing its claims against Thomas Surtees, in his official capacity as commissioner of the Alabama Department of Revenue, seeking refunds of franchise taxes Redman Homes paid for the tax years 1994 through 1997 and a declaration that it was entitled to those refunds. We affirm.
In May 1996, Gladwin Corporation filed a class action ("theGladwin action") in the Montgomery Circuit Court, alleging that Alabama's franchise-tax statutes were unconstitutional and seeking refunds of franchise taxes collected by the State of Alabama from members of a putative class that included Redman Homes. Neither Gladwin Corporation nor Redman Homes had sought a refund through the administrative remedy afforded by the Alabama Taxpayer's Bill of Rights, § 40-2A-1 et seq., Ala. Code 1975 ("the TBOR"), before the filing of the Gladwin action. The Gladwin
action was stayed until a similar action filed by South Central Bell Telephone Company was adjudicated. Eventually, in 1999, in an appeal of South Central Bell's action, the United States Supreme Court held Alabama's franchise-tax statutes unconstitutional. South Central Bell Telephone Co. v. Alabama,526 U.S. 160, 119 S.Ct. 1180, 143 L.Ed.2d 258 (1999).
In June 2001, the circuit court entered a class-certification order in the Gladwin action. The then commissioner appealed the class-certification order to the Alabama Supreme Court. InPatterson v. Gladwin Corp., 835 So.2d 137, 154 (Ala. 2002), the supreme court held that, because the taxpayers in the Gladwin
action had not sought their refunds through the administrative remedy afforded by the TBOR before the filing of the Gladwin
action, the Gladwin action constituted a direct action against the State of the type prohibited by § 14, Ala. Const. 1901. The supreme court further held that, because the Gladwin action was a prohibited direct action against the State, the circuit court lacked subject-matter jurisdiction to entertain the Gladwin
action. Accordingly, the supreme court dismissed the Gladwin
action.
In January 2001, before the circuit court certified the class in the Gladwin action, Redman Homes, pursuant to the TBOR, filed refund petitions with the Alabama Department of Revenue, seeking refunds of the franchise taxes it had paid for the *Page 1102 
tax years 1994 through 1999. The petitions were deemed denied by operation of law when the Department did not respond to them within six months. In October 2001, before the Alabama Supreme Court issued its opinion in Patterson v. Gladwin Corp., Redman Homes filed the action now before us in the Montgomery Circuit Court to appeal the denial of its petitions by the Department and to seek a judgment declaring that it was entitled to refunds of the franchise taxes it had paid for the tax years 1994 through 1999.
In July 2002, the circuit court appointed a special master to hear matters in pending actions involving claims for franchise-tax refunds. The special master chose certain threshold legal issues applicable to numerous actions for initial consideration. One of those issues was whether the Gladwin
action had tolled the time for the members of the putative class in that action to file refund petitions with the Department pursuant to the TBOR. The parties chose Redman Homes' action as a test case on that issue. After receiving briefs from the parties, the special master filed a recommendation that, in pertinent part, stated:
 "[N]umerous taxpayers failed to file their petition for refund with the Department of Revenue within the time prescribed by the TBOR. The TBOR delineates a two-step process through which a taxpayer may request a refund for `any overpayment of tax . . . or concerning any refund which the department is required to administer.' Ala. Code § 40-2A-7(c)(1). A taxpayer must first petition the Department for a refund within `three years from the date the return was filed or . . . two years from the date of the payment of the tax, whichever is later.' § 40-2A-7(c)(2). Then, if the Department denies the refund, the taxpayer may appeal to the Administrative Law Division or to the Circuit Court `within two years of the date the petition was denied.' § 40-2A-7(c)(5). Ordinarily, a tardy petition filed with the Department deprives the Circuit Court of jurisdiction. Here, the taxpayers assert that the TBOR's administrative deadline for filing a petition for refund with the Department was tolled by the pendency of Gladwin. . . .
". . . .
 "In Redman Homes, the plaintiff filed petition[s] for a refund with the Department of Revenue for franchise taxes paid for tax years 1994, 1995, 1996, 1997, 1998 and 1999. From the taxpayer's pleading[,] it appears that the petitions were filed on January 31, 2001, at the earliest.
 "The petitions appear to have been filed within three years of the timely filing of the 1998 and 1999 returns on September 15 of 1998 and 1999. Accordingly, those petitions appear to be unaffected by any tolling issue. The tolling issue relates to the claims for years 1994, 1995, 1996 and 1997. It is clear that, absent tolling by Gladwin, which was filed in 1996, the petitions for refund were untimely. The Court should enter an Order finding that the Gladwin class action did not toll the statutory requirements for filing a petition for refund with the Department of Revenue. The time limitations found in [the TBOR] cannot be tolled by Rule 23[, Ala. R. Civ. P.,] as taxpayers suggest, because Alabama courts have long held that the [Alabama Rules of Civil Procedure] do not apply to administrative proceedings governed by statute. . . . Rules 1 and 81[, Ala. R. Civ. P.]; Mitchell v. State, 351 So.2d 599 (Ala.Civ.App. 1977); State v. Ladner [] Co., Inc., 346 So.2d 1160 (Ala.Civ.App. 1977). Even if the [Alabama Rules of Civil Procedure] could apply to the time limitations in [the] TBOR, those time limitations are jurisdictional and cannot be *Page 1103 
equitably tolled by the filing of a class action complaint. Patterson v. Gladwin Corp., 835 So.2d 137 (Ala. 2002) cert. denied[, 537 U.S. 974,] 123 S.Ct. 436 (2002); Mitchell v. State, [supra]; and State v. Ladner [] Co., Inc., [supra]. As was expressly recognized by the Alabama Supreme Court, the time limitations cannot be tolled because `[t]he TBOR is jurisdictional on its face.' Patterson v. Gladwin Corp., 835 So.2d 137 (Ala. 2002) cert. denied[, 537 U.S. 974,] 123 S.Ct. 436 (2002). . . . The claims of Redman Homes for tax years 1994-1997 are to be dismissed for lack of subject matter jurisdiction and the Court should entertain a permissive appeal pursuant to Rule 5[, Ala. R.App. P.,] if requested by the parties."
On February 13, 2004, the circuit court adopted the special master's recommendation and dismissed Redman Homes' claims regarding the franchise taxes it had paid for the tax years 1994 through 1997. On August 11, 2004, the circuit court made the dismissal a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. Redman Homes then timely appealed to this court.
On appeal, Redman Homes argues that the circuit court erred in dismissing its claims regarding the franchise taxes it had paid for the tax years 1994 through 1997 because, Redman Homes says, the class-action tolling rule tolled the statute of limitations for it to file petitions for refunds with the Alabama Department of Revenue pursuant to the TBOR. However, Redman Homes has not cited any legal authority holding that the filing of a class action will toll a statute of limitations for instituting an administrative proceeding when the members of the putative class know or should know that the administrative proceeding constitutes the exclusive method of obtaining the relief they seek.[1] In Patterson v. Gladwin Corp., supra, the Alabama Supreme Court explicitly held that a reasonable taxpayer would know that the TBOR afforded the exclusive method of obtaining a refund of franchise taxes collected pursuant to an unconstitutional statute. 835 So.2d at 144-45.
Redman Homes argues that, despite the nonexistence of precedent squarely supporting its position, this court should nonetheless hold that the class-action tolling rule applies to Redman Homes' petitions seeking refunds pursuant to the TBOR because, it says, the circuit court's holding that the class-action tolling rule does not apply constitutes a "bait and switch" of the type prohibited by Reich v. Collins, 513 U.S. 106, 115 S.Ct. 547,130 L.Ed.2d 454 (1994). However, the holding of the Alabama Supreme Court that a reasonable taxpayer would know that the TBOR constituted the exclusive method for obtaining a franchise-tax refund also refutes this bait-and-switch argument.
In Reich v. Collins, supra, the United States Supreme Court reviewed a decision of the Georgia Supreme Court that had affirmed the dismissal of Reich's claim seeking a refund of income taxes the State of Georgia had collected pursuant to a *Page 1104 
statutory scheme that had subsequently been held unconstitutional. The Georgia Supreme Court had affirmed the dismissal of Reich's claim on the ground that Georgia's tax-refund statute, the principal legal basis of Reich's claim, did not apply when a taxpayer sought to recover a refund of taxes collected pursuant to a statute that was later held unconstitutional. Georgia's tax-refund statute provided that "[a] taxpayer shall be refunded any and all taxes or fees which are determined to have been erroneously or illegally assessed and collected from him under the laws of the state, whether paid voluntarily or involuntarily. . . ." Ga. Code Ann. § 48-2-35(a) (Supp. 1994) (emphasis added). Reversing the Georgia Supreme Court, the United States Supreme Court explained:
 "A State is free . . . to reconfigure its remedial scheme [regarding tax refunds] over time, to fit its changing needs. Such choices are generally a matter only of state law.
 "But what a State may not do, and what Georgia did here, is to reconfigure its scheme, unfairly, in mid-course — to `bait and switch,' as some have described it. Specifically, in the mid-1980's, Georgia held out what plainly appeared to be a `clear and certain' postdeprivation remedy, in the form of its tax refund statute, and then declared, only after Reich and others had paid the disputed taxes, that no such remedy exists. . . .
 ". . . [T]here [cannot] be any question that, during the 1980's, prior to [the Georgia Supreme Court's holding that the tax-refund statute did not apply in Reich's case], Georgia did appear to hold out a `clear and certain' postdeprivation remedy. To recall, the Georgia refund statute says that the State `shall' refund `any and all taxes or fees which are determined to have been erroneously or illegally assessed and collected from [a taxpayer] under the laws of this state, whether paid voluntarily or involuntarily. . . .' Ga. Code Ann. § 48-2-35(a) (Supp. 1994) (emphasis added). In our view, the average taxpayer reading this language would think it obvious that state taxes assessed in violation of federal law are `illegally assessed' taxes. . . .
 "Respondents, moreover, do not point to any Georgia Supreme Court cases prior to [the Georgia Supreme Court's decision holding that the tax-refund statute did not apply to Reich's claim] that put any limiting construction on the statute's sweeping language; indeed, the cases we have found are all entirely consistent with that language's apparent breadth."
513 U.S. at 111-12, 115 S.Ct. 547.
In the case now before us, Redman Homes argues that the circuit court, by holding that the class-action tolling rule did not toll the statute of limitations for it to file petitions with the Department of Revenue pursuant to the TBOR, in effect eliminated a remedy that Alabama had held out as being available, i.e., the remedy of suing the State for a refund of franchise taxes in a class action and then, if the class action is held defective, seeking a refund under the TBOR. However, in holding inPatterson v. Gladwin Corp. that a reasonable taxpayer would know that the TBOR constituted the exclusive remedy for obtaining a refund of franchise taxes, 835 So.2d at 144-45, the Alabama Supreme Court implicitly held that the State of Alabama had not held out a class action as being available as a remedy for obtaining a franchise-tax refund. Therefore, Redman Homes' bait-and-switch argument has no merit.
Thus, Redman Homes has neither cited a legal precedent squarely holding that the class-action tolling rule applies in the situation presented by the case now before us nor presented a compelling rationale supporting the application of the class-action *Page 1105 
tolling rule in the situation presented by the case now before us. Therefore, we affirm the judgment of the trial court.
AFFIRMED.
PITTMAN and MURDOCK, JJ., concur.
THOMPSON, J., concurs in the result, without writing.
CRAWLEY, P.J., concurs in the result only, without writing.
[1] Indeed, Redman Homes has not cited any legal authority holding that the class-action tolling rule would toll anyadministrative statute of limitations. The purpose of the class-action tolling rule is to avoid the filing of multiplelawsuits that would ultimately be unnecessary if the class action is upheld. See White v. Sims, 470 So.2d 1191, 1193 (Ala. 1985) ("`The principal function of the class action — to avoid multiplicity in filing suits, motions and papers — will be defeated if the statute of limitations is not tolled in favor of the plaintiffs.'" (emphasis added) (quoting First Baptist Churchof Citronelle v. Citronelle-Mobile Gathering, Inc.,409 So.2d 727, 729 (Ala. 1981))). Had the legislature intended that the class-action tolling rule apply to the statute of limitations provided by the TBOR, it could have so provided. It did not do so. See § 40-2A-7(c)(2), Ala. Code 1975.