MOORE, Judge.
Arlington Properties, Inc. (“Arlington”), petitions this court for a writ of mandamus directing the Etowah Circuit Court to grant its motion to dismiss Cantrell Brown’s appeal from the Etowah District Court’s judgment in favor of Arlington on Arlington’s unlawful-detainer complaint. We grant the petition and issue the writ.

Procedural History

On June 24, 2009, Arlington filed in the Etowah District Court a complaint asserting an unlawful-detainer claim against Brown. After a trial, the district court rendered a judgment in favor of Arlington on July 21, 2009. In the judgment, the district court stated that Brown had until August 4, 2009, to appeal the judgment. The judgment was not entered into the State Judicial Information System until July 27, 2009, and, thus, it was deemed “entered” on that date. Rule 58, Ala. R. Civ. P. On August 4, 2009, Brown filed a notice of appeal to the Etowah Circuit Court. On August 12, 2009, Arlington filed a motion to dismiss the appeal, alleging that the notice of appeal had not been timely filed. On October 7, 2009, the circuit court denied that motion. Arlington filed its petition for a writ of mandamus to this court on October 14, 2009.

Standard of Review

“ ‘ “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). The ques *505 tion of subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000).’
“Ex parte Liberty Nat'l Life Ins. Co., 888 So.2d 478, 480 (Ala.2003).”
Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 663 (Ala.2009).

Discussion

In its petition, Arlington argues that, pursuant to Ala.Code 1975, §§ 6-6-350 and 35-9A-461, Brown’s notice of appeal to the circuit court was required to have been filed within seven days after the entry of the district court’s judgment, that Brown’s appeal was not filed within that seven-day period, and that, therefore, Brown’s appeal is due to be dismissed as untimely filed. Specifically, Arlington points out that the Etowah District Court’s practice is to handwrite, sign, and date orders in open court, to notify the losing party of his or her right to appeal and of the time within which the appeal must be perfected, and, generally, to deliver the order to the clerk’s office that same day. Based on those facts, Arlington contends that the time to appeal should have run from the date the judgment was rendered, i.e., July 21, 2009, not the date it was entered into the State Judicial Information System, i.e., July 27, 2009.
Brown, on the other hand, argues that, pursuant to Rule 58(c), Ala. R. Civ. P., the district court’s judgment was entered on July 27, 2009. He further argues that, because the time in which to file an appeal is less than 11 days, pursuant to Rule 6, Ala. R. Civ. P., intermediate Saturdays and Sundays must be excluded from the computation of the 7-day period. Rule 6(a) provides, in pertinent part:
“In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal .holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.”
Based on his assertion that Rule 6 applies in this case, Brown concludes that his notice of appeal was filed 6 days after the district court’s judgment was entered and, thus, was timely filed.
We initially note that Arlington’s argument that the time for appeal ran from the date the district court’s judgment was rendered is without merit. Both §§ 6-6-350 and 35-9A-461 provide that the time for appealing from an unlawful-detainer judgment runs from the “entry” of the judgment. There is a “distinction between the substantive, judicial act of rendering a judgment and the procedural, ministerial act of entering a judgment.” -See Committee Comments to Amendment to Rule 58 Effective September 19, 2006, quoted in Bolden v. Wise Alloys, LLC, 5 So.3d 1287 (Ala.Civ.App.2008). Rule 58(c) specifically provides that a judgment is deemed entered as of the date it is entered into the State Judicial Information System. Accordingly, we conclude that the district court’s judgment was entered on July 27, 2009.
*506 We cannot, however, end our analysis here. We must determine whether Rule 6(a), Ala. R. Civ. P., applies to the computation of the time in which to appeal in this case because, if it does not apply, Brown’s notice of appeal was not timely filed.[1]
“The Rules of Civil Procedure cannot be applied if applying them would offend restrictions imposed by our Constitution.” Ex parte General Motors Corp., 800 So.2d 159, 164 (Ala.2000) (Lyons, J., concurring specially). “The Alabama Rules of Civil Procedure were promulgated by [the Alabama Supreme] Court under authority granted by the Alabama Constitution of 1901, amd. 328, § 6.11.” State v. Bragg, 710 So.2d 417, 418 (Ala.1998). That section of the constitution, now Art. VI, § 150, Ala. Const. 1901 (Off. Recomp.), provides, in pertinent part:
“The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein.... ”
Sections 6-6-350 and 35-9A-461 both provide for a seven-day period in which to file a notice of appeal to the circuit court from an unlawful-detainer judgment entered in the district court. Thus, those statutes grant appellate jurisdiction to circuit courts to review an unlawful-detainer judgment only if the notice of appeal is filed within that seven-day period. The application of Rule 6 would extend that period and, consequently, the jurisdiction of the circuit courts to decide appeals when the notice of appeal is filed more than seven days after the judgment was entered. Because such a result would be offensive to our constitution, we must conclude that Rule 6 is inapplicable to appeals to the circuit court in unlawful-detainer actions.
In State v. Ladner & Co., 346 So.2d 1160, 1161 (Ala.Civ.App.1977), this court considered the question “whether a taxpayer who fail[ed] to perfect an appeal from a final tax assessment, pursuant to Tit. 51, § 140, [Ala.Code 1940 (Re-comp.1958),] may thereafter have the assessment set aside by a Rule 60(b)[, Ala. R. Civ. P.,] motion.” The taxpayer argued that “a final assessment of taxes is as conclusive as a judgment of the circuit court” and, thus, could be “altered as any other judgment.” 346 So.2d at 1161. The State argued thát Tit. 51, § 140, Ala.Code 1940 (Recomp. 1958), provided the exclusive method for contesting a tax assessment, i.e., an appeal to the circuit court, that the taxpayer had not followed that procedure, and, thus, that the trial court was without jurisdiction to entertain the taxpayer’s Rule 60(b) motion. Id. This court agreed, stating:
“The Rules of Civil Procedure apply to proceedings in courts. Hence, the rules applied to the proceeding once it had been instituted in the Circuit Court of Mobile County. However, the rules do not provide the mechanism by which *507 a party may invoke the jurisdiction of the court.
“The jurisdiction of the Circuit Court of Mobile County over disputes arising from assessments of taxes by the State is governed by statute. Tit. 51, § 140, Code of Alabama [1940 (Recomp. 1958) ]. Section 150 of the Alabama Constitution [of 1901] limits the rule making power of the supreme court to rules which do not affect the jurisdiction of the circuit court. The rules are only procedural and are not to be interpreted as modifying substantive law. Hence, an interpretation of Rule 60(b)[, Ala. R. Civ. P.,] which would be at odds with the statutory scheme of judicial review of the orders of administrative agencies would alter jurisdiction of the circuit court and would constitute judicial alteration of substantive law.”
346 So.2d at 1161.
In Mitchell v. State, 351 So.2d 599 (Ala.Civ.App.1977), a case that also challenged a final tax assessment, the taxpayer filed his notice of appeal beyond the 30 days provided by Tit. 51, § 140. The taxpayer argued that his appeal was timely filed pursuant to Rule 6(a) and 6(e), Ala. R. Civ. P., because the 30-day period expired on a Sunday and because he had received notice of the final assessment by mail.[2] 351 So.2d at 601. This court, citing Ladner, disagreed with the taxpayer, stating:
“Compliance with the procedures of § 140 is a jurisdictional requirement. ‘The jurisdiction of a court must be invoked in the manner and within the time required by statute.... The right of appeal from a final assessment of the revenue department of the state is purely statutory and must be exercised in the manner and within the time prescribed therein.’ State v. Empire Bldg. Co., 46 Ala.App. 565, 567, 246 So.2d 454, 456 (1971). To apply the Alabama Rules of Civil Procedure so as to find an external exception to the jurisdictional time requirements of § 140 would constitute an impermissible extension of jurisdiction and modification of substantive rights. State v. Ladner & Co., 346 So.2d 1160 (Ala.Civ.App.1977).”
351 So.2d at 601.
In 1 Champ Lyons, Jr., and Ally W. Howell, Alabama Rules of Civil Procedure Annotated, Author’s Comments § 6.1 (4th ed. 2004), the authors discuss Ladner and Mitchell, stating:
“After an early indication of a reluctance with respect to applicability of Ala. R. Civ. P. Rule 6 to computations dealing with timeliness of commencement of proceedings, more recent pronouncements tend to make Ala. R. Civ. P. Rule 6 applicable. In an earlier case, where a taxpayer sought to appeal a final sales tax assessment under a statute prescribing that an appeal must be taken to the circuit court of the county in which the taxpayer resides by filing notice of appeal with the Secretary of the Department of Revenue and with the Register of the circuit court of the county in which the appeal shall be taken within 30 days from the date of the final assessment, he was not entitled to the additional day after Sunday which is available under Ala. R. Civ. P. Rule 6(a). Mitchell v. State, 351 So.2d 599 (Ala.Civ. *508 App.1977). The rules were said to apply to the proceeding once it has been instituted in the circuit court but the rules did not govern the mechanism by which a party may invoke the jurisdiction of the court since such would constitute an impermissible extension of jurisdiction and modification of substantive rights. See also State v. Ladner & Co., Inc., 346 So.2d 1160 (Ala.Civ.App.1977). Thus, notwithstanding the reference in Ala. R. Civ. P. Rule 6(a) to the applicability of its provisions to computations of time prescribed ‘by any applicable statute,’ Ala. R. Civ. P. Rule 6(a) does not regulate the time in which to take.an appeal to the circuit court.”
Despite the foregoing authority, the dissent, citing Taylor v. Department of Industrial Relations, 409 So.2d 447, 449-50 (Ala.Civ.App.1982), maintains that Rule 6 previously has been applied to extend the period in which to perform the jurisdictional act of filing an appeal. Actually, the question in Taylor concerned whether the provisions of Rule 6 and Ala.Code 1975, § 1-1-4, extended the time for taking an appeal from an adverse unemployment-compensation decision. At that time, Ala. Code 1975, § 25-4-95, a part of the Unemployment Compensation Act, § 25-4-1 et seq., Ala.Code 1975, granted claimants 10 days to file a notice of appeal with a circuit court from a final decision of the unemployment-compensation board of appeals. In Taylor, Taylor, the claimant, received a final order on May 22 requiring her to reimburse the Department of Industrial Relations for an alleged overpayment of unemployment-compensation benefits. As a result, Taylor had until June 1 to file her notice of appeal, but the Montgomery Circuit Court was closed that day in observance of Jefferson Davis’s birthday, a legal holiday. Taylor thus filed her notice of appeal the next day, i.e., June 2. The Department moved to dismiss the appeal, and Taylor responded that, pursuant to the provisions of § 1-1-4 and Rule 6, since the last date to file the appeal fell on a legal holiday, the appeal was timely when filed the next day. The court granted the motion to dismiss on the grounds that the notice of appeal was untimely and that Taylor had also failed to serve the director of the Department with the appeal within 10 days.
On appeal, Taylor again asserted that she had timely filed her notice of appeal pursuant to § 1-1-4 and Rule 6. Taylor also argued that she had perfected her appeal by properly serving the director of the Department by submitting copies of her notice of appeal to the circuit clerk along with a postage paid envelope for service on the Department’s director by certified mail. As to the first argument, the court noted that the Unemployment Compensation Act itself did not contain any language controlling the method by which to compute the time for filing a notice of appeal. The court observed, however, that two “compatible” provisions referenced the computation of time, namely, § 1-1-4 and Rule 6. 409 So.2d at 449. At the time Taylor was decided, § 1-1-4 provided, in pertinent part:
“Time within which any act is provided by law to be done must be computed by excluding the first day and including the last. However, if the last day is a Sunday, or a legal holiday as defined in section 1-3-8, [Ala.Code 1975,] or a day on which the office in which the act must be done shall close as permitted by any law of this state, the last day must also be excluded, and the next succeeding secular or working day shall be counted as the last day within which the act may be done.”
Rule 6 “[v]ery similarly,” 409 So.2d at 449, provided:
“In computing any period of time prescribed ... by any applicable stat *509 ute.... [t]he last day of the period so computed shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or a legal holiday.”
The court stated that both provisions previously had been applied in computing statute-of-limitations periods. The court then stated:
“We find that the statutorily prescribed method of computing time under ‘any act,’ section 1-1-4, or ‘any applicable statute,’ rule 6(a), pertains to the Unemployment Compensation Act. We must, in construing the above quoted statutes, give the language its plain, ordinary and everyday meaning. State v. International Minerals & Chemical Corp., 381 So.2d 60 (Ala.Civ.App.1979), aff'd, 381 So.2d 62 (Ala.1980). This court construes the statutory language so that the procedural sections of the Unemployment Compensation Act are read in pari materia with the computation of time provisions. See State Department of Industrial Relations v. Thomas, 55 Ala.App. 712, 318 So.2d 739 (1975); Spillers v. Lafever, 39 Ala.App. 465, 103 So.2d 837 (1958). Section 25-4-95[, Ala.Code 1975,] requires an appeal to be filed within ten days, and section 1-1-4 and rule 6(a) provide a method for computing the ten days.
“Accordingly, since the last day on which the claimant could file her appeal (June 1) was a legal holiday, that day was excluded. Therefore, the claimant had until the next day (June 2) to file an appeal in circuit court. Claimant did so file her action on June 2, and consequently her appeal was timely.”
409 So.2d at 449.[3]
Taylor is distinguishable from this case because the provisions of Rule 6 at issue in Taylor were compatible and very similar to the provisions of § 1-1^4, a validly enacted statute. Because of the similarities in the statute and the rule, the court had no occasion to address the issue whether the rule alone could extend the time for filing a notice of appeal. In this case, the provisions of Rule 6 at issue are not similar to or compatible with § 1-1^4. Section 1-1-4 contains no language similar to Rule 6 expressing any legislative intent that when the statutory period for taking an appeal is less than 10 days, the time may be computed by excluding intervening weekend days. Section 1-1-4 simply states that if the last day for performing any act that is provided by law to be done falls on a Saturday, a Sunday, or a legal holiday, the act may be performed on the next succeeding working day. Thus, the court is faced with an issue not addressed in Taylor, namely, whether the language of Rule 6 alone may expand the time for taking an appeal.
As stated above, the resolution of that issue depends on whether the supreme court may validly enact a rule of civil procedure that extends the time for taking an appeal consistent with its power to promulgate rules regulating the administrative procedures of state courts. The constitutional grant of power, found in Amendment No. 328 to the Constitution of Alabama of 1901 (now Art. VI, § 150, Ala. Const. 1901 (Off. Recomp.)), expressly *510 states that the power to make rules “governing the administration of all courts and rules governing practice and procedure in all courts” does not enable the supreme court to make rules that “affect the jurisdiction of circuit ... courts.” That identical restriction also appears in Ala.Code 1975, § 12-2-7. Moreover, the supreme court itself has recognized that its inherent power to promulgate rules extends only to prescribing rules of practice and procedure “for the conduct of the business of the court,” Brown v. McKnight, 216 Ala. 660, 661, 114 So. 40, 41 (1927), excluding any notion that the court can promulgate a rule that affects the jurisdiction of a court.
Pursuant to §§ 6-6-350 and 35-9A-461, the legislature conferred jurisdiction on circuit courts to hear appeals from district courts filed within seven days of a judgment in an unlawful-detainer action. To the extent Rule 6 extends that time to more than seven days, see Committee Comments to October 1, 1995, Amendment to Rule 6, the rule purports to enlarge the appellate jurisdiction of the circuit court in contravention of the constitutional language expressly denying the court the power to make a rule affecting the jurisdiction of the circuit courts. Consequently, Rule 6 alone cannot validly extend the deadline for the filing of an appeal from the district court to the circuit court in an unlawful-detainer action.
We do not doubt that the legislature could have opted to apply Rule 6 to the computation of the period in which to appeal in unlawful-detainer actions. However, the legislature chose not do so. In § 35-9A-461(a), the legislature has indicated that the rules of civil procedure apply to unlawful-detainer actions “except as modified by this chapter.” Section 35-9A-461(d) states that “any party may appeal from an eviction judgment entered by a district court to the circuit court at any time within seven days after the entry thereof.” That clear and unambiguous statutory language, not allowing for appeals after seven days, does not reference Rule 6 and does not state that seven days actually means seven days, “not counting intervening Saturdays and Sundays,” which would be consistent with Rule 6. The language used by the legislature indicates its intent that Rule 6 would not be applied to appeals from judgments in district courts in unlawful-detainer actions. Although this court may find that outcome harsh or unfair, questions as to “propriety, wisdom, necessity, utility, and expediency, are held exclusively for the legislative bodies.” Alabama State Fed’n of Labor v. McAdory, 246 Ala. 1, 9, 18 So.2d 810, 815 (1944).
Having determined that Rule 6 is not applicable in the present case, we must conclude that Brown’s appeal was not timely filed. The district court’s judgment was entered on July 27, 2009, and Brown filed his notice of appeal 8 days later, on August 4, 2009.
“The failure to file a timely notice of appeal is a jurisdictional defect that prevented the circuit court from acquiring jurisdiction over the appeal. See Kennedy v. Merriman, 963 So.2d 86, 88 (Ala.Civ.App.2007). ‘A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute.’ Flannigan v. Jordan, 871 So.2d 767, 770 (Ala.2003).”
Shamburger v. Lambert, 24 So.3d 1139, 1142 (Ala.Civ.App.2009).
Based on the foregoing, we conclude that the requirements for the issuance of a petition for a writ of mandamus have been met. Accordingly, we grant Arlington’s petition and direct the circuit court to dismiss Brown’s appeal.
*511 PETITION GRANTED; WRIT ISSUED.
PITTMAN, J., concurs.
BRYAN, J., concurs in the result, without writing.
THOMAS, J., dissents, with writing, which THOMPSON, P.J., joins.

. ‘‘[T]he failure to file a timely notice of appeal is a jurisdictional defect.” Watson v. Whittington Real Estate, LLC, 16 So.3d 802, 807 (Ala.Civ.App.2009). Therefore, "[ajlthough [Arlington] does not raise in its petition the precise jurisdictional issue we address, the ‘ “[l]ack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu." ' " Ex parte Progressive Specialty Ins. Co., 31 So.3d at 663 n. 2 (quoting Ex parte Berry, 999 So.2d 883, 888 (Ala.2008), quoting in turn Ex parte Smith, 438 So.2d 766, 768 (Ala.1983)).

. "Rule 6(a) provides that, in computing periods of time, where the last day of the period is a Saturday, Sunday or legal holiday, the period runs until the end of the next day which is not a Saturday, Sunday or legal holiday. Rule 6(e) provides that where a party is required to do some act within a prescribed period after the service of a notice or other paper on him and the notice is served on him by mail, three days are added to the prescribed period."
Mitchell v. State, 351 So.2d at 601 n. 1.

. The court then ruled that Taylor had also properly notified the director of the Department of her appeal because the Unemployment Compensation Act did not require service of the appeal on the director of the Department within 10 days. 408 So.2d at 450. That last aspect of the opinion was later overruled in White v. Allen, 567 So.2d 295 (Ala.Civ.App.1989), which itself was reversed on the authority of Ex parte Doty, 564 So.2d 443 (Ala.1989), in Ex parte White, 567 So.2d 300 (Ala.1990).