PER CURIAM.
Cantrell Brown petitioned this Court for a writ of certiorari to review the Court of Civil Appeals’ opinion granting a petition for a writ of mandamus filed by Arlington Properties, Inc. (“Arlington”). Ex parte Arlington Props., Inc., 83 So.3d 503 (Ala.Civ.App.2010) (per Judge Moore, with one judge concurring and one judge concurring in the result). We issued the writ; we now reverse and remand.

Facts and Procedural History

In its opinion, the Court of Civil Appeals summarized the procedural history of this case in the district court and the circuit court as follows:
“On June 24, 2009, Arlington filed in the Etowah District Court a complaint asserting an unlawful-detainer claim against Brown. After a trial, the district court rendered a judgment in favor of Arlington on July 21, 2009. In the judgment, the district court stated that Brown had until August 4, 2009, to appeal the judgment. The judgment was not entered into the State Judicial Information System until July 27, 2009, and, thus, it was deemed ‘entered’ on that date. Rule 58, Ala. R. Civ. P. On August 4, 2009, Brown filed a notice of appeal to the Etowah Circuit Court. On August 12, 2009, Arlington filed a motion to dismiss the appeal, alleging that the notice of appeal had not been timely filed. On October 7, 2009, the circuit court denied that motion. Arlington filed its petition for a writ of mandamus to this court on October 14, 2009.”
Ex parte Arlington Props., Inc., 83 So.3d at 504.
In its petition for the writ of mandamus filed in the Court of Civil Appeals, Arlington argued that Brown did not timely file a notice of appeal from the district court to the circuit court and that, therefore, the appeal should be dismissed. The Court of Civil Appeals granted Arlington’s petition and issued a writ directing the circuit court to dismiss Brown’s appeal as untimely. Specifically, two members of that court held that the application of Rule 6(a), Ala. R. Civ. P., to compute the time within which a party must file a notice of appeal pursuant to § 6-6-350, Ala.Code 1975, and § 35-9A-461(d), Ala.Code 1975, would unconstitutionally expand the jurisdiction of the circuit court to hear such appeals. Brown filed an application for a rehearing, which the Court of Civil Appeals denied.
*514 Brown then petitioned this Court for certiorari review of the decision of the Court of Civil Appeals on the ground that the case presented a material question of first impression. See Rule 39(a)(1)(C), Ala. R.App. P. We issued the writ to consider Brown’s argument that the Court of Civil Appeals erred when it concluded that, in the context of §§ 6-6-350 and 35-9A-461(d), the phrase “seven days” means seven calendar days and that Rule 6(a), Ala. R. Civ. P., does not apply to those statutes.

Standard of Review

“Because the issue presented by this appeal concerns only questions of law involving statutory construction, our review is de novo. Whitehurst v. Baker, 959 So.2d 69 (Ala.2006). See also Taylor v. Cox, 710 So.2d 406 (Ala.1998).” Alabama Dep’t of Transp. v. Williams, 984 So.2d 1092, 1094 (Ala.2007).

Discussion

Brown argues that the Court of Civil Appeals misinterpreted §§ 6-6-350 and 35-9A-461, Ala.Code 1975, in holding that Rule 6(a), Ala. R. Civ. P., does not apply when computing the time for filing an appeal in cases involving those statutes.
Section 6-6-350, Ala.Code 1975, a part of Alabama’s Unlawful Detainer Article (§ 6-6-310 et seq., Ala.Code 1975), provides:
“Any party may appeal from a judgment entered against him or her by a district court to the circuit court at any time within seven days after the entry thereof, and appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts.... ”
(Emphasis added.) Section 35-9A-461, a part of Alabama’s Uniform Residential Landlord and Tenant Act, § 35-9A-101 et seq., Ala.Code 1975, provides, in pertinent part:
“(a) A landlord’s action for eviction, rent, monetary damages, or other relief relating to a tenancy subject to this chapter shall be governed by the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure except as modified by this chapter.
[[Image here]]
“(d) Notwithstanding subsection (a) of Section 12-12-70 [concerning appeals from the district court generally], any party may appeal from an eviction judgment entered by a district court to the circuit court at any time within seven days after the entry thereof. The filing of a timely post-judgment motion pursuant to the Alabama Rules of Civil Procedure shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion, or the date of the denial of such motion by operation of law pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure....”
(Emphasis added.) Finally, Rule 6(a), Ala. R. Civ. P., provides:
“In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in *515 court, a day on which weather or other conditions have made the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.”
(Emphasis added.) This Court has stated:
“ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So.2d 391 (1956).’
“Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380 (Ala.1979).... To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction. Ex parte Waddail, 827 So.2d 789, 794 (Ala.2001). If a literal construction would produce an absurd and unjust result that is clearly inconsistent with the purpose and policy of the statute, such a construction is to be avoided. Ex parte Meeks, 682 So.2d 423 (Ala.1996).”
City of Bessemer v. McClain, 957 So.2d 1061, 1074-75 (Ala.2006)(emphasis omitted).
This unlawful-detainer action involves a dispute between a residential landlord and a tenant. Section 35-9A-461(a) addresses actions by residential landlords “for eviction, rent, monetary damages, or other relief relating to a tenancy.” The Alabama Comment to § 35-9A-461 confirms that “[t]he Unlawful De-tainer [Article], Ala.Code [1975], § 6-6-310 et seq.” — which includes § 6-6-350— “is amended [by this section].” Unlike the statutes at issue in two cases relied upon by the Court of Civil Appeals in this case — State v. Ladner & Co., 346 So.2d 1160, 1161 (Ala.Civ.App.1977), and Mitchell v. State, 351 So.2d 599 (Ala.Civ.App.1977) — and unlike the statute at issue in a third case, Taylor v. Department of Industrial Relations, 409 So.2d 447, 449-50 (Ala.Civ.App.1982), relied upon by the dissenting opinion below, § 35-9A-461(a) specifically provides that actions by residential landlords relating to a tenancy “shall be governed by the Alabama Rules of Civil Procedure and the Alabama Rules of Appellate Procedure except as modified by this chapter.” (Emphasis added.) Although the chapter makes modifications with respect to other Rules of Civil Procedure, it did not, at the times pertinent to this case, in any way modify, or exempt such actions from, the application of Rule 6(a).[1] Therefore, we find the language of § 35-9A-461(a) to be dispositive as to this case. Thus, we conclude that Rule 6(a) applied to the computation of the time for *516 filing the appeal to the circuit court from the adverse judgment in the unlawful-de-tainer action in the district court.
Applying Rule 6(a) to this case, we must conclude that Brown timely filed her notice of appeal. Consequently, the circuit court properly denied Arlington’s motion to dismiss Brown’s appeal.

Conclusion

For the above-stated reasons, the Court of Civil Appeals erred in granting Arlington’s petition for a writ of mandamus. Accordingly, we reverse that court’s judgment and remand this case with instructions that that court quash the writ it issued on March 26, 2010, in Ex parte Arlington Properties, Inc.
REVERSED AND REMANDED.
MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, MURDOCK, SHAW, MAIN, and WISE, JJ., concur.

. The legislature amended the Uniform Residential Landlord and Tenant Act effective August 1, 2011. See Act No. 2011-700, Ala. Acts 2011. Section 35-9A-141(3) now defines "day" as a "calendar day, notwithstanding Rule 6 of the Alabama Rules of Civil Procedure; however, in any case where the application of a time period in this chapter consisting of a specific number of days results in the last day of that time period falling on a weekend or an official holiday, then the last day of that time period shall be considered the next official business day when the court is open.” The 2011 amendment is not applicable to this case.